HAWLEY & DODD, RESPONDENTS, *v.* W. H. BINGHAM, APPELLANT.

CONTRACT—CONDITION PRECEDENT.—B. executed his promissory note to H. & D., payable January 15, 1876, in the usual form, with the addition of the following words: "The above note is given upon, and for the sole consideration that the said Hawley & Dodd have agreed and promised that upon the payment of the said note, at maturity (time being of the essence of the contract), they will sell and transfer to the undersigned, Bingham, the planing machine which they have this day entrusted to him:" *Held*, that the promise of B. was not dependent upon the promise of H. & D. to sell and transfer the machine as a condition precedent; but that it was an independent promise to pay.

APPEAL from Yamhill County.

This is an action by the respondents upon a promissory note executed by the appellant in their favor. The note is in the usual form, with the following additional stipulation:

"The above note is given upon and for the sole consideration that the said Hawley, Dodd & Co. have agreed and promised that upon the payment of said note, principal and interest, at maturity (time being of the essence of the contract), they will sell and transfer to the undersigned the Lester double-header planing machine, which the said Hawley, Dodd & Co. have this day entrusted to the care of the undersigned."

The right of the respondents to recover was resisted upon the ground that the delivery of the machine in question was a condition precedent to such right. The respondents recovered judgment, and the appellant brought this appeal.

*E. C. Bradshaw, Jas. McCain, and Ramsey & Hyde*, for appellant.

*W. W. Upton, C. B. Upton and H. Hurley*, for respondent.

By the Court, PRIM, C. J.:

It is claimed that the complaint in this action is bad upon its face, because it does not contain any averment that plaintiffs had performed, or offered to perform, their promise as to the sale and transfer of the said machine to defendant on the day the said note fell due. This position is based upon the theory that the promises of the plaintiffs and those of the defendant are mutual and dependent, and that the performance of one is a condition precedent to a right to demand a performance of the other. It is often a very difficult and delicate question to determine, whether the promises and covenant of a contract are mutual and dependent, or whether independent of each other.

Mr. Parsons, in his work on Contracts, says: "Covenants and agreements may be wholly independent, although relating to the same subject and made by the same

parties, and included in the same instrument." (Vol. 1, p. 528.)

By reference to the complaint in this action, it appears that on May 7, at Portland, the defendant executed and delivered to plaintiffs the note on which this action is based, in which he promised, for value received, to pay to the order of plaintiffs, three hundred dollars, on or before January 15, 1876, with interest thereon at one per cent. per month until paid. The note then contains this recital: "The above note is given upon and for the sole consideration that the said Hawley, Dodd & Co., have agreed and promised that upon the payment of said note, principal and interest, at maturity, they will sell and transfer to the undersigned the Lester double-header planing machine, which the said Hawley, Dodd & Co., have this day entrusted to the care of the undersigned."

We think it sufficiently appears in the complaint that the promise of defendant to pay to the order of plaintiffs a certain sum of money at a certain time and place, is not dependent upon the promise of plaintiffs to sell and transfer said machine as condition precedent; but is an independent promise to pay, which may be enforced in this action. The former part of the note appears to contain an absolute promise on the part of defendant to pay a certain sum of money at a certain time and place; while the latter part of it contains a recital of the agreement out of which it arose, and the consideration upon which it is founded.

Taking this view of the instrument in question, we think the complaint contains a statement of facts sufficient to constitute a cause of action.

The judgment of the circuit court is affirmed.