SOPHIA BALOW v. THE TEUTONIA FARMERS' MUTUAL FIRE INSURANCE COMPANY OF MACOMB AND WAYNE COUNTIES.

*Fire insurance—Insurable interest—Vendor's lien.*

1. Upon the undisputed facts in this case it is held that the plaintiff had no insurable interest in the insured property at the time it was destroyed by fire, and that a verdict should have been directed for the defendant.

2. A clause in a contract between a grantor and grantee made at the time of the execution of the deed, by which the grantee agrees that whenever he sells the granted premises,—which he agrees to do whenever a fair price can be obtained therefor,— he will pay the grantor $2,000 from the proceeds, if there shall be enough remaining after paying certain incumbrances upon the property, and, if not, that he will pay over to the grantor the residue of said proceeds, creates no more than a personal obligation on his part, in a certain contingency, to pay to the grantor an amount of money which can only be determined in the future, and depending entirely upon the amount he may receive in case of a sale of the property, and is not made a charge upon the land, nor does it create an insurable interest therein in favor of the grantor.

3. A vendor's lien is always in the nature of a mortgage, and must be for some certain amount, known to exist at the time the lien is created.

Error to Wayne. (Reilly, J.) Argued October 10 and 11, 1889. Decided November 8, 1889.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*James H. Pound,* for appellant, contended:

1. It is only the individual property of its members that a mutual fire insurance company can insure, and they must have the legal title thereto, or at least the equitable one; citing How. Stat. § 4247; *Ins. Co. v. Riker,* 10 Mich. 282; and, as tending at least inferentially to support this position, see *Van Buren v. Ins. Co.,* 28 Mich. 398, 400; and, for a case where a barely legal owner was held not entitled to recover, see *Ins. Co. v. Salt & Lumber Co.,* 31 Mich. 346; and, for a case where the right of a merely equitable owner to maintain a suit was denied, see *Ins. Co. v. Davenport,* 37 Mich. 613; *Ins. Co. v. Resh,* 40 Id. 241; and see, also, 4 Wait, Act. & Def. 22, 23; May, Ins. § 75; *Warren v. Ins. Co.,* 31 Iowa, 464.

2. There can be no insurable interest where there is no right in or out of the property, derivable by virtue of a contract relative thereto, which in either case may be lost by the contingency insured against, and an · expectation of a grant, trust, or possession, however well founded, is not insurable; citing *Craufurd v. Hunter,* 8 Term R. 13; *Lucena v. Craufurd,* 3 Bos. & P. 75, 5 Id. 270, and 1 Taunt. 324; *Routh v. Thompson,* 11 East, 428; 4 Wait, Act. & Def. 26.

*M. B. Breitenbach* (*W. B. Jackson,* of counsel), for plaintiff.

SHERWOOD, C. J. The two important questions in this case were—

1. Did the plaintiff have an insurable interest in the property insured at the time the application was made for insurance ?

2. If she had, did that interest continue until the time of the fire by which it was destroyed ?

The plaintiff claims in her declaration to have been the owner of the property, both when insured and when it was burned.

The general issue was pleaded by defendant's counsel, together with notice that evidence would be given that, if the property was burned, the fire was an incendiary

one, and was started by plaintiff's husband, or some one of her agents; that she knew of the fire, and therefore she is not entitled to recover; and that at the time of taking said insurance she was not the owner of the property, and has never since· had an insurable interest therein.

The cause was before Judge Reilly, by a jury, in the Wayne circuit court; and the jury found for the plaintiff.

They also found, in answer to special requests by defendant's counsel submitted to them, that the plaintiff did not herself start the fire that burned the property insured; neither did she know that the fire was started, or about to be started, by her husband, at the time the property was burned.    The defendant asks a review of the case in this Court.

The defendant's counsel, after the evidence was closed, asked the court to instruct the jury to° return a verdict for his client, under the pleadings and proofs in the case; and the court refused the request.    This raises the first question to be considered.    Certain evidence appears in the case, undisputed; and, if it is sufficient to dispose of the case, it will be unnecessary to go further with our discussion.

Among the facts upon which there is no dispute upon this record are the following:    That the plaintiff became a member of the company, for the purpose of insurance, in April, 1884; that, before effecting the insurance in this case, the plaintiff conveyed by warranty deed the property in question to Ervin Palmer; also made, at the same time, a contract with him, which contains an agreement on the part of Palmer that he will try and sell and dispose of the 80 acres of land, including the insured property, and from the proceeds, provided a certain limit was reached, a portion was to go to the plaintiff; and she further covenanted that the sale, under Palmer's deed,

was not to be construed conditional, in the following words:

"It is hereby distinctly understood and agreed that the sale of said premises is absolute, and nothing herein contained shall be construed to make said sale conditional."

That said insurance was effected October 22, 1884, and the deed to Palmer was made on August 6 preceding, as well as the said contract; that said deed to Palmer was duly recorded in the register's office in Wayne county, among the records of deeds, when the plaintiff took her insurance.

That, the complainant claiming that she had some equitable interest in the property insured, arising under the contract with Palmer, above referred to, and which, she claimed, furnished a proper basis for the insurance she obtained in the defendant company upon the property in question, she and her husband, David Balow, filed a bill of complaint against said Palmer and others on October 8, 1885, to enforce her claimed rights, and praying, among other things, that her said deed to Palmer might be decreed a mortgage, and her rights secured to her as mortgagor of the property, instead of grantor in fee. That said Palmer answered said bill fully, denying the equity of the same; that proofs were taken, and upon which, and the pleadings, the cause was heard in the Wayne circuit court, in chancery; and the circuit judge made a decree therein, dismissing the complainant's bill absolutely, and which is still in force, it never having been appealed from, or in any way modified; which decree was rendered previous to the destruction of the insured property by fire, on April 19, 1886.

It is claimed by counsel for the defendant that these undisputed facts show that the plaintiff, at the time the property burned, had no interest therein which would entitle her to recover; and that the circuit judge should

have given his request to charge as asked. We think the counsel is correct, and the ruling otherwise was error.

The decision made in the chancery case conclusively shows the title to the insured property passed to Palmer by the plaintiff's deed to him. The contract of August 6, 1884, entered into at the time the deed was made to Palmer, contains the following clause:

"In consideration of said deed, and the undertakings herein contained to be performed by said Palmer, it is hereby agreed that said Palmer, whenever he sells said premises,—and he agrees that whenever he can sell said premises for a fair price he will sell the same,—he will pay out of the proceeds of the premises the Miller mortgage, to whomsoever holds the same. And he is to retain in his hands sufficient to pay his said mortgages, and the indebtedness due him from said parties of the first part, or either of them. He is also to pay out of said proceeds all liens, taxes, and other incumbrances on said premises. He is to pay, and said Palmer hereby agrees to pay, to said Sophia Balow, out of the proceeds of said sale, the sum of two thousand ($2,000) dollars, if there shall be enough of said purchase price or proceeds remaining after paying the above amounts, including the mortgages of said Palmer; and, if there shall not be $2,000 remaining of said proceeds after paying said amounts above specified, then said Palmer is to pay to said Sophia Balow what shall remain of said proceeds."

This clause of the contract creates no more than a personal obligation on the part of Palmer, in a certain contingency, to pay to this plaintiff an amount of money which can only be determined in the future; depending entirely upon the amount he may receive in case of sale of the property mentioned in the deed. It may be $1, or $2,000, or none at all. In no way is it, whatever may be the amount,. made a charge upon the land, nor does it create an interest therein, in favor of the plaintiff, upon which she could obtain insurance.

It is claimed by plaintiff's counsel that the contract was part of the consideration for the deed to Palmer, and for

what was secured under it to plaintiff; that she had a vendor's lien upon the property sold; and this, coupled with the possession which she held at the time the buildings were burned, gave her an equitable interest in the property, which was insurable. But this proposition cannot be maintained, under the undisputed facts in this case. A vendor's lien is always in the nature of a mortgage. The decree of the court in the chancery suit was to the effect that plaintiff had no such interest, and that she was not entitled to the possession of the property. But, independently of this, a vendor's lien must always be for some certain amount, known to exist at the time the lien is created. In this case, it was not known that any amount would ever become due to the plaintiff from Palmer under the contract by which she claims the lien. Certain it is that no indebtedness to her had been ascertained at the time this suit was brought; neither does the record disclose that any amount has become due to her since. This claim to such lien is therefore unfounded.

We find nothing else in the record needing further consideration; and her claim, as now presented, cannot be maintained.

The judgment, therefore, must be reversed, and a new trial granted.

The other Justices concurred.