CARVILLE v. ROOSEVELT.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

VENDOR—LIEN—SALE BY VENDEE—INSOLVENCY.

　　Where plaintiff deeded a number of lots to S., who conveyed an undivided one-half interest in them to the defendant, and afterwards, when S. became insolvent, the full title was conveyed to defendant on agreement with plaintiff that he should sell the lots and pay the balance of the purchase money out of the proceeds, and defendant sold one-half the lots without making any such payments, plaintiff was entitled to a vendor's lien on the remaining one-half for the balance due on the purchase money, with interest, and to a personal judgment against defendant for any deficiency.

Appeal from special term, Westchester county.

Action by Cornelia E. Carville against Elbert C. Roosevelt. From a decree in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Chas. H. Roosevelt, for appellant.
J. Warren Lawton, for respondent.

GOODRICH, P. J. On November 5, 1891, the plaintiff, being the owner of 61 lots of land at New Rochelle, conveyed them to one Stagg for the consideration of $9,500. Stagg, on November 21st, conveyed one undivided half to the defendant, and in May, 1893, when Stagg became insolvent, the other undivided half. The defendant has sold about one-half of the lots, and the remainder stand in his name

and are unsold. He has received on such sales about $11,000. The plaintiff claimed that the defendant was her attorney in the transaction, and concealed from her the fact that he was jointly interested in the transaction with Stagg at the time of the purchase; that she handed him the deed for the purpose of carrying out the understanding between the parties, which, as she testified, was that $2,000 was to be paid in cash, and $7,500 was to be left on mortgage, and that Stagg was to build two houses for her on other lots which she owned, and that the price therefor was to be paid by the defendant out of the $2,000 and a sum of $1,000, which he had in his hands, belonging to her. It appeared that the houses were built and paid for, and it was conceded that there had been paid to the plaintiff different amounts, so that there was left unpaid of the purchase money the sum of $5,150 on May 5, 1898. The defendant's counsel at the trial stated that that amount was due the plaintiff from the defendant, and that the latter had offered, and was ready and willing, to give a bond and mortgage on that part of the property remaining unsold, or on any other property which he owned. The court, on sufficient evidence, has found that the defendant was not the agent or attorney of the plaintiff; and we must regard the transaction as an ordinary one between vendor and vendee, without any fiduciary relation. The court found, as conclusions of law, as follows:

"First. That by reason of the conveyances made by the plaintiff to Charles F. Stagg, and by Charles F. Stagg and wife to the defendant, that are mentioned in the complaint in this action and in the foregoing findings of fact, the defendant became the owner of the land described in the complaint, in fee simple absolute, and had full power to sell and convey the same; that the defendant did not hold the said land in trust for the benefit of the plaintiff, but held the same in his own right, free from any claim of the plaintiff except the payment of the purchase money. Second. That the defendant is indebted to the plaintiff for a balance of the purchase money which remains unpaid, in the sum of five thousand one hundred and fifty dollars, with interest thereon from May 5, 1898, for which sum I direct judgment against the defendant."

Thereupon, the judgment being prepared, the court, by fiat, directed its entry. The judgment decreed that the plaintiff had a lien upon the lands for the unpaid purchase money, and directed a sale thereof by the sheriff to satisfy such lien, and that the defendant should pay the plaintiff any deficiency. No costs were allowed. The judgment is certainly as favorable to the defendant as the offer of his counsel at the trial, and is in accordance with equity.

We do not find it necessary to discuss any of the other points raised by the defendant, and affirm the judgment, with costs of this appeal. All concur.