Argued at Pendleton November 4, affirmed November 15, rehearing denied December 20, 1927.

# OREGON & WESTERN COLONIZATION COMPANY *v.* EARL O. STRANG ET AL.

### (260 Pac. 1002.)

**Vendor and Purchaser—Assignee of Contract Providing Purchaser Should Pay Taxes Became Personally Liable Therefor When Accepting Assignment.**

1. Where contract for sale of land provided that purchaser would pay all taxes levied or to be levied on premises, assignee of purchaser became personally liable for their payment when he accepted assignment of purchaser's contract, signed notes given by his assignor to plaintiff, and entered into possession of land.

**Vendor and Purchaser—Purchaser's Covenant to Pay Taxes, Being Part of Contract Under Which His Assignee was in Possession of Land, Ran With Land (Or. L., § 4268).**

2. Where land sale contract provided that purchaser would pay all taxes levied and to be levied on land, since, under Section 4268, Or. L., taxes on land may be collected, although owner thereof be not named, covenant to pay taxes, being part of contract under which purchaser's assignee was in possession of land and enjoyed benefits thereof, ran with the land.

**Vendor and Purchaser—Installment Notes Constituting Independent Contracts, Vendor Could Sue on One or All Without Tendering Deed.**

3. Where land was sold on ten yearly installment payments, and notes therefor constituted independent contracts, vendor could sue on one or all of them without tendering deed, since contract provided that notes must be paid and covenants performed before purchaser or assignee was entitled to deed.

---

1. Liability for taxes of parties to contract for sale of land, see note in 18 Ann. Cas. 450. See, also, 7 R. C. L. 1102, 1105.

2. What are covenants running with the land, see note in 56 Am. Rep. 151. See, also, 7 R. C. L. 1102, 1105. What covenants may run with the land, see note in 82 Am. St. Rep. 664. Covenant to pay taxes as running with the land, see notes in 41 A. L. R. 1370; 51 A. L. R. 1326.

3. Tender of deed as condition of enforcing forfeiture for failure of vendee to pay last installment of purchase money, see note in 28 L. R. A. (N. S.) 956. See, also, 27 R. C. L. 400. Successive actions as permissible for breach of contract payable in installments, see note in 6 Ann. Cas. 63. Tender of deed as condition precedent to action for purchase price or note therefor, see note in 35 A. L. R. 108. See, also, note, 27 R. C. L. 400, 611.

**Election of Remedies—Defendants Could not Select for Plaintiff Remedy or Course of Procedure, Where Plaintiff had More Than One Open to It.**

4. Where vendor of land had option of suing on notes as they came due and were not paid, defendants could not select for vendor remedy or course of procedure, where it had more than one open to it.

**Vendor and Purchaser—Vendor Under Land Contract was Authorized to Pay Taxes not Paid by Purchaser and Collect Amount so Paid from Vendee or Assignee.**

5. Where land contract provided that purchaser would pay taxes levied or to be levied on land, since vendor held title to land as security for price, it was authorized to pay taxes not paid by purchaser or his assignee and collect amount so paid from purchaser or assignee.

---

Covenants, 15 C. J., p. 1249, n. 40, p. 1252, n. 83, p. 1253, n. 91, p. 1262, n. 48.

Mortgages, 41 C. J., p. 745, n. 7.

Taxation, 37 Cyc., p. 1004, n. 94.

Vendor and Purchaser, 39 Cyc., p. 1612, n. 99, 1, p. 1633, n. 37, p. 1635, n. 55, p. 1637, n. 63, p. 1906, n. 58, p. 1907, n. 64.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

This action was instituted to collect a promissory note given to plaintiff by defendants as part of purchase price of land; also to collect amount paid by plaintiff as taxes assessed against the land sold by plaintiff to defendant Strang. September 15, 1917, plaintiff agreed to sell to defendant Strang, who agreed to buy from plaintiff 80 acres of land for the sum of $2,400. Of the purchase price $240 was paid on the date of the said agreement and the remainder thereof was to be paid in nine annual installments of $240 each. Deferred payments bore interest at the rate of 6 per cent per annum. The contract contains this provision:

"It is further agreed as a part of the consideration hereof, that said party of the second part will, before the same become delinquent under the laws of

the said State of Oregon, pay all taxes that may have been heretofore levied on said premises but which are not yet due, and all taxes that may be hereafter levied thereon while this contract is in force, and also all assessments of every kind hereafter coming due, imposed under the laws of the said State by public authority for irrigation ditches, or other structures or improvements designed for or connected with the irrigation of said land, also all assessments made for any other local improvements made upon or in the vicinity of said land for which the same may be lawfully assessable under the laws of said State, * * prior to the time when such assessment shall become delinquent, or become a lien on said land."

The deferred installments were represented by nine promissory notes each for the sum of $240. Defendant Strang entered into the possession of said premises and remained in such possession until May 18, 1918, when he sold and assigned his interest therein and transferred his contract to defendant Orville I. Davison. Since then said Davison has been in the possession of said land. Defendant Davison paid several of said notes but failed to pay the note coming due on the fifteenth day of March, 1924. That note is the basis of the first cause of action stated in plaintiff's complaint. Defendant Davison also paid the taxes for several years but permitted the taxes for the years 1921, 1922 and the first half of taxes for 1924 to become delinquent. This action was instituted on the second day of November, 1926. The land was subject to sale for the taxes for the year 1921 when plaintiff paid said delinquent taxes. The amount so paid is the basis of the second cause of action stated in plaintiff's complaint. The assignment of said contract by defendant Strang to defendant Davison is in writing on a printed form, doubtless in general use by the plaintiff, which is the

owner of a large tract of land in Crook County, Oregon. The contract contains these provisions:

"Should default be made by said party of the second part, in the payment of the principal or interest aforesaid at the time when the same becomes due, or in the payment of the taxes or assessments above referred to, prior to their delinquency, then, or in either such case, the whole amount of the principal or interest unpaid, may, at the option of said party of the first part, be declared due and payable forthwith, *and said party of the first part may thereupon proceed to collect the same at law or otherwise,* as if each of said payments had matured by it terms; * * "

Defendant Strang was not served and did not appear. Defendant Davison answered admitting most of the allegations of the complaint but denying personal liability on his part. The defendant Davison relies upon his contention that he is not personally liable for the taxes because he did not agree in writing to pay the same. Defendant Davison did not sign the contract nor the assignment thereof. He did sign all of the notes not theretofore paid by his assignor, the defendant Strang. After trial the court found for the plaintiff and entered judgment for the full amount demanded from which judgment defendant Davison appeals.    AFFIRMED.

For appellant there was a brief over the names of *Mr. Donald M. Graham* and *Mr. N. G. Wallace,* with an oral argument by *Mr. Wallace.*

For respondent there was a brief and oral argument by *Mr. M. R. Elliott.*

COSHOW, J.—1. Defendant Davison demurred to the complaint on the ground that two causes of ac-

tion are improperly joined in one complaint and on the ground that the complaint does not state facts sufficient to constitute a cause of action against him. At the beginning of the trial defendant Davison also objected to the introduction of any testimony because the complaint did not state a cause of action against him. The same question was raised in other ways. At the argument in this court defendant Davison waived all assignments of error, except the one based on the second cause of action. It is urged here that inasmuch as defendant Davison did not sign the contract for the sale of the land he is not personally bound to pay the taxes. He claims that his promise to pay the taxes was within the statute of frauds because it was an undertaking to pay the debt of another person and, therefore, to be valid must be in writing.

Plaintiff claims that defendant Davison, having accepted the assignment of the contract between it and defendant Strang and that contract having provided that vendee Strang should pay the taxes, is bound thereby; he cannot accept the benefits of said contract without also becoming liable for the obligations. Plaintiff also claims that the covenant to pay the taxes is a covenant which runs with the land; that defendant Davison having accepted the assignment of contract to purchase said land steps in the place and stead of defendant Strang and is liable to plaintiff to the same extent as his assignor Strang was and is. We think that plaintiff's positions are correct. While the authorities are not uniform we believe that both in reason and by weight of the authorities defendant Davison became personally liable for the payment of the taxes when he accepted an assignment of the contract, signed the notes given by his assignor Strang to plaintiff and entered into the

possession of the land: *Corvallis & Alsea R. R. Co.*
v. *Portland E. & E. Ry. Co.,* 84 Or. 524, 534 (163 Pac.
1173); 27 R. C. L. 567, §§ 308, 309; *Windle* v. *Hughes,*
40 Or. 1, 5 (65 Pac. 1058). It must be remembered
in this connection that defendant Davison assumed
and agreed to pay the debt owing by the defendant
Strang to plaintiff. By analogy the position of de-
fendant Davison is similar to that of a purchaser
of land under mortgage who agrees to assume and
pay the mortgage debt. Such agreement binds the
mortgagor to all the burdens contained in the mort-
gage itself: *Knighton* v. *Chamberlin,* 84 Or. 153, 159
(164 Pac. 703).

2. It is our opinion that the covenant to pay the
taxes, which is a part of the contract under which
defendant Davison was in possession of the land and
enjoyed the benefits thereof, runs with the land:
15 C. J. 1253, § 71. In this state the land is assessed
and taxes levied against it may be collected although
the owner thereof may not be named: Or. L., § 4268.

3, 4. The notes given by the defendants constitute
independent contracts and plaintiff could sue on one
or all of them without tendering a deed: *Hawley* v.
*Bingham,* 6 Or. 76. By the terms of the contract
the notes must be paid and other covenants in the
contract performed by defendants before they or
either of them is entitled to a deed. Plaintiff had
the option of suing on the notes as they came due
and were not paid according to the terms of the con-
tract. Defendants have no right to select for plain-
tiff the remedy or the course of procedure where it
has more than one open to it under the law: *Walker*
v. *Hewitt,* 109 Or. 366, 377 (220 Pac. 147, 35 A. L. R.
100). Since we hold that defendant Davison is per-
sonally liable for the taxes it follows that the order of
the court overruling the demurrer was correct.

5. Defendant Davison's contention that plaintiff had no authority to pay the taxes and collect the amount so paid from the vendee or his assignee is not well taken. As vendor under contract of sale plaintiff holds the title to the land as security for the purchase price. It was necessary for plaintiff to pay the taxes in order to preserve its security. The contract under which Davison has had the benefit and enjoyment of the land requires him to pay the taxes before they become delinquent. That contract also authorizes plaintiff to pay said taxes, if not paid by defendants, and to maintain an action at law to collect the amount so paid by it.

Finding no error in the record the judgment is affirmed.    AFFIRMED.

BEAN, J., concurs in the result.