BRODY *v.* CROZIER.

VENDOR AND PURCHASER—ACCELERATIVE PROVISION IN LAND CONTRACT VALID—PUBLIC POLICY.

An accelerative provision in a land contract that, if proceedings should be taken to enforce the contract in equity, after default by the purchaser, the entire amount owing should be due and payable forthwith, notwithstanding anything therein contained to the contrary, although harsh, is valid, since it is part of the contract, and is not outlawed by public policy.

Vendor and Purchaser, 39 Cyc. p. 1328.

Appeal from Wayne; Sample (George W.), J., presiding.   Submitted April 17, 1928.   (Docket No. 148.)   Decided June 4, 1928.

Bill by Louis Brody and another against Mason M. Crozier to foreclose a land contract.   From a decree for plaintiffs, defendant appeals.   Affirmed.

*Shapero & Shapero,* for plaintiffs.

*Peter P. Boyle,* for defendant.

WIEST, J.   This is a suit in equity to foreclose a land contract.   In the circuit decree passed for plaintiffs for the full contract price, less instalments paid, with order of sale and liability of defendant for deficiency, if any.   Defendant appealed.

The contract price for the premises was $25,000, of which $5,000 was made as a down payment and the remainder was to be paid in instalments of $100 per month for the first year, and $150 per month thereafter.   The contract was made May 21, 1926.   The bill was filed February 26, 1927, and alleged that defendant was then in default $200, and plaintiff elected to declare the entire balance on the contract due under the following accelerative provision in the contract:

\* \* \* "and if proceedings are taken to enforce the contract in equity, after default by the purchaser, the entire amount owing hereon shall be due and payable forthwith, notwithstanding anything herein contained to the contrary." \* \* \*

Counsel for defendant contends that the accelerative provision is inequitable, invalid, and unenforceable. The provision is harsh, but a part of the contract, and is not outlawed by public policy nor invalid or unenforceable.   It was probably unwise for defendant to so place his interest in the property at the mercy of plaintiff, but we are powerless to extend to him anything more than commiseration.

This suit was not to forfeit the contract, but to enforce payment in accordance with its terms. Accelerative clauses are common in mortgages, and have universally been held valid; they appear in many cases of sales upon instalments and, under the negotiable instruments law (2 Comp. Laws 1915, § 6043), bring about a sum certain in case of a provision: "that upon default in payment of any instalment or of interest the whole shall become due."

Counsel stipulated that:

"The only question to be raised on this appeal to the Supreme Court is the validity of the so-called acceleration clause."

We are constrained to affirm the decree, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.