BARNARD v. HUFF.

1. Liens—Equity—Jurisdiction.
   Equitable liens and method of their enforcement are peculiarly within jurisdiction of equity courts.

2. Vendor and Purchaser—Foreclosure.
   Practice on foreclosure of land contracts has evolved through judicial decision.

3. Same—Foreclosure of Land Contract and Mortgage Analogous.
   Except in respect in which difference between land contract and mortgage causes difference in rights, practice on foreclosure of mortgages and land contracts is analogous.

4. Same—Deficiency Decree.
   On foreclosure of land contract, court has jurisdiction to grant deficiency decree against vendee.

5. Same—Liability of Vendee's Assignee.
   Liabilities for the debt of grantee of mortgagor and assignee of vendee's equitable title under land contract are similar.

6. Same—Bare Conveyance or Assignment.
   Bare conveyance of land or assignment of land contract imposes no obligation on grantee or assignee to pay debt, but where he assumes and agrees to pay it, his personal liability attaches, and although liability primarily is to his own grantor or assignor, it may inure to benefit of mortgagee or vendor.

7. Mortgages—Foreclosure—Assumption of Debt Enforceable in Equity But Not at Law.
   Assumption of debt by grantee of mortgagor creates obligation which mortgagee may enforce in equity but not at law.

8. Vendor and Purchaser—Vendor's Remedy Against Vendee's Assignee.
   Vendor in land contract has equitable remedy against vendee's assignee, on his promise to pay purchase price, as for deficiency.

---

Liability of grantee assuming mortgaged debt, see annotation in 21 A. L. R. 504.

Obligation of assignee to vendor to perform contract on assignment by purchaser of contract to sell real property, see annotation in 59 A. L. R. 954.

9. SAME—SUBROGATION—PRINCIPAL AND SURETY.

As between vendee in land contract and his assignee who assumes debt, latter becomes principal debtor, and former a surety, and principles of subrogation apply.

10. SAME—EQUITY—MULTIPLICITY OF SUITS.

Equitable doctrines of avoidance of multiplicity of suits and province of equity to afford full relief and protect all rights support deficiency decree against vendee's assignee in suit to foreclose land contract.

11. MORTGAGES—DEEDS—ACCEPTANCE—OBLIGATIONS.

By acceptance of deed containing obligation to pay mortgage, grantee of mortgagor is liable in equity, although not signing conveyance.

12. VENDOR AND PURCHASER—ACCEPTANCE BY VENDEE'S ASSIGNEE BINDING.

Assignment of land contract is conveyance of vendee's equitable title, and therefore assignment binds accepting assignee in equity without his signature to it.

13. FRAUDS, STATUTE OF—VENDOR AND PURCHASER—ASSIGNEE'S PROMISE TO PAY.

Agreement by assignee of vendee in land contract to pay purchase price was not within statute of frauds as promise to pay debt of another or contract not to be performed within year, requiring promisor's signature.

14. VENDOR AND PURCHASER—ACCELERATION CLAUSE.

Acceleration clause in land contract is valid.

15. SAME—NOVATION—ASSIGNMENT.

Without novation, assignment of vendee's interest under land contract does not release vendee or any assignee.

16. SAME—VENDEE'S ASSIGNEES LIABLE FOR DEFICIENCY.

Assignees of vendee's interest under land contract, by accepting assignment containing assumption clause, became bound thereby, and are liable for deficiency on foreclosure, notwithstanding their refusal to execute assumption clause at vendor's request.

17. SAME—LIABILITY OF SUCCESSIVE ASSIGNEES OF VENDEE'S INTEREST.

On foreclosure of land contract, where vendee's interest had been successively assigned under assignments containing as-

sumption clause, deficiency decree runs against all assignees made parties defendant irrespective of whether or not they executed assumption clause.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 29, 1930. (Docket No. 122, Calendar No. 35,139.) Decided December 2, 1930.

Bill by Henry F. Barnard against Ethel A. Huff and others for foreclosure of a land contract. From a decree for deficiency on foreclosure against defendants Ethel A. Huff and Peter J. Christy only, plaintiff and defendant Christy appeal. Modified and affirmed.

*Prentis, Fitch & Carpenter* (*Everett F. Hayes,* of counsel), for plaintiff.

*William S. McDowell,* for defendant Christy.

*Lewis Brooke,* for defendant Harry H. Smith.

*Frank B. Ferguson* and *R. Wendell Brown,* for defendant Thomas E. Wood.

FEAD, J. This is a suit in equity to foreclose a land contract. On May 19, 1926, Emily Bermingham sold certain real estate to defendant Huff on land contract. Plaintiff acquired the vendor's interest in May, 1927. Defendant Huff took possession of the premises, collected the rents, and made payments on the contract until October 8, 1927, when she transferred her interest to defendant Christy, by assignment executed by both parties. Christy took possession, made a written agreement with plaintiff reducing the instalments, and made payments thereon until April 13, 1928, when he assigned to defendants Smith and Wood. Neither Smith nor Wood executed the assignment. They sent a copy

of the instrument to plaintiff, went into possession, collected rents, and made payments until August 30, 1928, when Wood transferred his interest to Smith by assignment signed only by Wood, not by Smith. Smith sent a copy of the assignment to plaintiff, took possession, collected rents, and made payments until default.

The court found the amount due, ordered sale of the premises, and granted deficiency decree against Huff and Christy, but refused it against Wood and Smith. Christy and plaintiff appeal. No question of novation or estoppel is involved.

Plaintiff contends that, by analogy to the law of mortgages, he is entitled to a decree for deficiency against all the defendants. Defendants urge that, because the jurisdiction of the court to grant deficiency decree on mortgage foreclosure, even against the mortgagor, is statutory (*Johnson* v. *Shepard,* 35 Mich. 115; *Gage* v. *Jenkinson,* 58 Mich. 169; *Kelly* v. *Gaukler,* 164 Mich. 519), and because the practice on foreclosure of land contracts has not been defined by statute, recourse must be had to the common law for the procedure, and no deficiency decree may be made. They further contend that, in any event, such decree cannot run against an assignee of the vendee, for lack of privity of contract with the vendor, and, especially, against an assignee who has not executed the assignment, because of the statute of frauds.

Equitable liens and the method of their enforcement are peculiarly within the jurisdiction of equity courts. The practice on foreclosure of land contracts has evolved through judicial decision. Recognizing the analogy of the vendor's lien for the purchase price on the vendee's equitable title under land contract, to the true vendor's lien, to an eq-

uitable mortgage, to an express mortgage (*Fitzhugh* v. *Maxwell*, 34 Mich. 138; *Clark* v. *Stilson*, 36 Mich. 482; *Balow* v. *Insurance Co.*, 77 Mich. 540; *Lavin* v. *Lynch*, 203 Mich. 143 [2 A. L. R. 804]), the court early rejected the despoiling practice of the common law and planted the procedure upon the more modern and equitable rules of the mortgage statute. It denied a prayer for forfeiture and decreed sale of the premises (*Fitzhugh* v. *Maxwell, supra*); applied a statute governing mortgages to land contracts (*Clark* v. *Stilson, supra*); and held that a deficiency decree will lie against the vendee (*Gray* v. *Hill*, 105 Mich. 189 [1895]; *Loveridge* v. *Shurtz*, 111 Mich. 618). In fine, except in the respect in which the difference between a land contract and a mortgage causes a difference in rights, *i. e.*, in length of possession and redemption period, the practice on foreclosure of mortgages and land contracts is analogous. *Jones* v. *Bowling*, 117 Mich. 288; *City Lumber Co.* v. *Hollands*, 181 Mich. 531; *Cady* v. *Taggart*, 223 Mich. 191; *Drysdale* v. *Christy Land Co.*, 248 Mich. 184.

The jurisdiction to grant a deficiency decree against the vendee long has been exercised by the court and unquestioned by the bar. *Jones* v. *Bowling, supra; Ward* v. *Obenauer*, 119 Mich. 17; *Schwartz* v. *Woodruff*, 132 Mich. 513; *Cady* v. *Taggart, supra; Brody* v. *Crozier*, 242 Mich. 660; *Lowrie & Robinson Lbr. Co.* v. *Rubin*, 245 Mich. 224; *Chicago Boulevard Land Co.* v. *Apartment Garages*, 245 Mich. 448; *Grimore* v. *Beauch*, 247 Mich. 439; Puterbaugh's Michigan Chancery, Form of Bill, 601. See, also, *Carville* v. *Roosevelt*, 53 App. Div. N. Y. 638 (65 N. Y. Supp. 578); *Tarpey* v. *Curran*, 67 Cal. App. 575 (228 Pac. 62); 27 R. C. L. p. 597.

The practice has too many features commending it, and has been accepted too long by the laity in

the negotiation of land contracts and by the profession in their enforcement to justify a retracing of the steps by which it has been evolved to ascertain whether the cases establishing it were in conflict with other decisions of the court or the common law. Nor does a return to the common law, with its multiplicity of suits at law to collect a deficiency, by the vendor against the vendee and by the latter and each assignee against his successor, offer inducement to modify the practice already established or to refuse to apply the rules of mortgage foreclosure to unadjudicated situations where the analogy remains sound and the remedy and result will be equitable.

The liabilities for the debt of a grantee of a mortgagor and an assignee of a vendee's equitable title under land contracts are similar. A bare conveyance of the land or a bare assignment of the contract imposes no obligation on the grantee or assignee to pay the debt. But where he assumes and agrees to pay it, his personal liability attaches. 39 Cyc. p. 1671; 59 A. L. R. 954, note. Primarily, of course, his liability is to his own grantor or assignor, but it may inure to the benefit of mortgagee or vendor.

In some States, the assumption of the debt is deemed by law to establish privity of contract with the mortgagee or vendor and creates a liability enforceable at law. In this State, the assumption of the debt by a grantee of the mortgagor creates an obligation which the mortgagee may enforce in equity but not at law. *Anderson* v. *Thompson,* 225 Mich. 155. Without discussion of the point, it has been accepted that the vendor in a land contract has an equitable remedy against the vendee's assignee on his promise to pay the purchase price (*Kelly* v. *Gaukler, supra*), as for deficiency (*Lowrie & Robinson Lbr. Co.* v. *Rubin, supra*). In holding that he has no remedy at law, this court again recog-

nized the analogy to a mortgage and cited no authority except *Anderson* v. *Thompson, supra; Tapert* v. *Schultz, ante,* p. 39. It is a short and natural step, merely a continuance of oft-repeated analogy, to the proposition that the vendor has a remedy by way of deficiency decree in foreclosure against the vendee's assignee who assumes payment of the purchase price.

This liability and the jurisdiction to grant a remedy are supported by equitable principles. As between the assignor and the assignee, the latter becomes the principal debtor and the former a surety (*Pease* v. *Warner,* 153 Mich. 140), and the principles of subrogation apply (*Crawford* v. *Edwards,* 33 Mich. 354; *Higman* v. *Stewart,* 38 Mich. 513; *Booth* v. *Life Insurance Co.,* 43 Mich. 299). To this may be added the equitable doctrine of avoidance of multiplicity of suits and the province of equity to afford full relief and protect all rights. *Day* v. *Cole,* 56 Mich. 294; *Horton* v. *Hubbard,* 83 Mich. 123; *Morgan* v. *Argard,* 148 Ga. 123 (95 S. E. 986). The deficiency decree properly ran against the vendee's assignee, Christy.

By acceptance of a deed containing an obligation to pay the mortgage, a grantee of the mortgagor is liable in equity, although he has not signed the conveyance. *Corning* v. *Burton,* 102 Mich. 86, and note. Assignment of a land contract is a conveyance of vendee's equitable title. By analogy to the law of mortgages, the assignment binds the accepting assignee in equity without his signature to it. *Oregon & Western Colonization Co.* v. *Strang,* 123 Ore. 377 (260 Pac. 1002).

By the engagements in the assignments, the assignees Wood and Smith made the payment of

purchase price their original and personal obligation, which, under the contract, they could pay at any time. The agreement to pay the purchase price was not within the statute of frauds as a promise to pay the debt of another or a contract not to be performed within a year, requiring the signature of the promisor. *McGregor Subdivision Co.* v. *Mabie,* 194 Iowa, 1259 (191 N. W. 117); *Durgin* v. *Smith,* 115 Mich. 239; *Swarthout* v. *Shields,* 185 Mich. 427.

The acceleration clause is valid. *Brody* v. *Crozier, supra.*

Without novation, assignment does not release the vendee or any assignee. *Corning* v. *Burton, supra; Kollen* v. *Sooy,* 172 Mich. 214.

It appears that Barnard asked Smith and Wood to execute the assumption clause shortly after they took the assignment of contract and they refused. As they became bound by accepting the assignment containing the clause, their subsequent refusal to sign it was without force.

The decree will be modified to cause the deficiency judgment to run against all the defendants, with costs of both courts to plaintiff.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.