SHARRER v. MacDONALD.

1. REFORMATION OF INSTRUMENTS—LAND CONTRACTS—MUTUAL MISTAKE.

Vendors are not entitled to reformation of land contract to show items receipted for as down payment, on ground of mutual mistake, in absence of evidence ·that parties, or either of them, intended or expected formal contract to show said items, or that contract did not express their agreement.

2. VENDOR AND PURCHASER — ASSIGNMENTS — FORECLOSURE — DEFICIENCY DECREE.

Vendees' assignee assuming and agreeing to pay balance of contract price is liable to personal deficiency decree, on foreclosure of contract.

Appeal from Wayne; Simpson (John), J., presiding. Submitted October 21, 1932. (Docket No. 181, Calendar No. 36,750.) Decided January 4, 1933.

Bill by Charles W. Sharrer and another against Harry L. MacDonald and others to reform and foreclose a land contract. Bill dismissed. Plaintiffs appeal. Reversed, and decree of foreclosure granted.

*Miller & Knowles*, for plaintiffs.

FEAD, J. Plaintiffs filed bill to reform and foreclose a land contract. Defendants had decree dismissing the bill. Defendant MacDonald and wife were contract vendees. Wunsch is their assignee, and Garrity is interested only as Wunsch's tenant. MacDonald was served by publication and did not appear. Mrs. MacDonald is dead. Wunsch made defense in circuit court, but filed no brief on appeal.

As to obligation of assignee to vendor to perform contract on assignment by purchaser of contract to sell real property, see annotation in 59 A. L. R. 954, 961.

A preliminary sales agreement was made between plaintiffs and MacDonald and wife. It provided for down payment, to be made within 30 days, of $300 cash, warranty deed of a lot at $1,800, and assignment of mortgage for $2,400 executed by John Atkinson to the MacDonalds. The formal contract recited receipt of $4,200 paid by the purchaser prior to delivery of contract. That sum comprised the prices at which the lot and mortgage were taken.

MacDonald obtained the mortgage from Atkinson by fraud. The fraud was not only shown at the hearing of this suit and found by the court, but Atkinson, on the ground of such fraud, successfully defended an action by plaintiffs on the mortgage note. On the claim of mutual mistake, plaintiffs ask reformation of the contract to show the items receipted for as down payment.

There was no evidence that the parties, or either of them, intended or expected the formal contract to show the items of the down payment nor that the contract, in receipting for the deed and mortgage as cash, did not express their agreement, and plaintiffs are not entitled to reformation.

By the assignment, Wunsch assumed and agreed to pay the balance of the contract price and is liable to personal deficiency decree. *Barnard* v. *Huff*, 252 Mich. 258 (77 A. L. R. 259).

The decree is reversed, and one may be entered for plaintiffs for foreclosure of the contract with deficiency decree against Wunsch, and costs of both courts to plaintiffs.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.