VAN DELLEN *v.* CASTETTER.

VENDOR AND PURCHASER—ASSIGNMENTS—SIGNATURE—EQUITY.
Assignee of vendee's interest in land contract who accepted assignment undertaking "to fulfill all the conditions set forth" in the land contract agreed to pay the contract debt and became bound thereby in equity without his signature thereto and, hence, liable for deficiency decree upon foreclosure, where evidence shows there was no cancellation of the contract.

Appeal from Kent; Brown (William B.), J. Submitted January 12, 1934. (Docket No. 67, Calendar No. 37,548.) Decided March 6, 1934.

Bill by Richard Van Dellen and wife against Ralph H. Castetter and wife, William Sidney Smith, Lee H. and John A. Higgins and Thomas E. Walsh to foreclose a land contract. Plaintiffs appeal from decree denying deficiency as to defendants Higgins and Walsh. Remanded with order to amend decree for deficiency to include defendants Higgins and Walsh.

*Steketee & Steketee,* for plaintiffs.

*Linsey, Shivel & Phelps,* for defendants Higgins and Walsh.

Butzel, J. On April 16, 1929, Richard Van Dellen and wife, plaintiffs, sold land, buildings and machinery in Grand Rapids, Michigan, to Ralph H. Castetter and wife, on executory contract. On May 11, 1929, the latter assigned their vendee's interest to William S. Smith by written assignment containing a covenant binding Smith to the fulfilment of all the conditions of the contract. The assignment was on a printed form and signed by Castetter and wife, but not by Smith. On June 13, 1929, Smith in turn assigned the contract to Lee H. Higgins and John A. Higgins. A similar form of assignment was used, containing a covenant binding the assignee "to fulfill all the conditions set forth in the annexed instrument." It was signed by Smith but not by Lee H. or John A. Higgins. On August 14, 1929, the latter assigned on a similar form, containing the covenant of assumption, to Thomas E. Walsh. Again the instrument was only signed by the assignors.

After continued default in payments, plaintiffs brought suit against the original vendee and all of

the successive assignees, asking decree for foreclosure and also payment of any deficiency against all the defendants. Castetter and wife and Smith permitted their defaults to be taken, but Lee H. Higgins, John A. Higgins and Thomas E. Walsh, appellees, filed answers denying liability for the deficiency. The trial court thereupon granted foreclosure but discharged appellees from liability for the deficiency. He held that they had not seen, read, or heard read, or signed the printed form of assignment binding them to the performance of the covenants of the contract, and that there was no intention shown on their part to be personally bound thereby. Plaintiffs appeal from this latter portion of the decree.

It is the contention of appellees that they did not sign the assignments, did not have them recorded, and did not know or believe that they were binding themselves personally to the contract, and further, that they performed no affirmative act or acts indicating any intention to be so bound. John A. Higgins testified that he and his brother bought the contract for trading purposes, expecting to hold it only for a short time and then to trade it off. On the other hand, there is no question but that the Higgins brothers and Walsh received and accepted the assignments in the form in which they were made out. John A. Higgins collected two instalments of rent from the tenant, one Carlson, and later he and his brother must have relied upon their assignments to establish their right in turn to assign to Walsh. The latter collected the rent from Carlson, the tenant of the property, for almost three years. In 1931, when defaults were made in payment of taxes, and Van Dellen sought payment from John A. Higgins, the latter stated that he did not

want to be bothered any longer about the property, since he had sold out to Walsh. However, it is significant that Higgins indorsed Walsh's note in order to enable him to raise the money with which to pay the taxes. Appellees further claim that they never delivered duplicates of the assignments to plaintiffs. The latter, however, produced such duplicates annexed to the contract. Van Dellen stated that he did not know whether he received them direct from appellees or through the mail. There is no claim that plaintiffs practiced any fraud, or that appellees received the assignments as security. Appellees became personally bound to fulfill the contract when they accepted the assignments and accepted the benefits thereunder. Following our decision in *Barnard* v. *Huff*, 252 Mich. 258 (77 A. L. R. 259), we but recently held again that in a court of equity the assignee of a land contract, who agrees to fulfill all of its conditions and who by his acts accepts the assignment, becomes liable to the vendor for a deficiency even though the assignee did not attach his signature to the assignment. *Allen* v. *King, ante,* 306.

The testimony shows that after Walsh held the property for several years, he defaulted in his payments. He then told Van Dellen to see if he could get some rent from Carlson, the tenant. Walsh claims he told Van Dellen at that time to "take charge" of the property, that he "could not go ahead with the contract." Van Dellen, however, denied that there was even an attempted surrender of the contract or the premises. The tenant testified that he paid two instalments of rent directly to Van Dellen in accordance with the instructions from Walsh, Van Dellen applying such payments on the contract. Walsh, thereafter, collected a small

amount of rent direct from the tenant and used it to pay a premium for insurance on the property. Van Dellen made no further collections of rent thereafter. None of the parties claim that there was any surrender of the contract or any release executed. There was no cancellation of the contract.

The decree of the lower court should be amended to provide for the payment by appellees of the deficiency, if there be any after foreclosure sale. The case is remanded to the trial court with directions to amend the decree in accordance with this opinion. Plaintiffs will recover costs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.