Ada D. Baker, Executrix of the Last Will and Testament of Herman P. Baker, Deceased, Plaintiff in Error, v. Grover A. Zang, Defendant in Error.

Gen. No. 8,759.

Opinion filed May 10, 1934.

JAMES N. CUMMINGS, for plaintiff in error.

MARTIN E. O'CONNOR, for defendant in error.

MR. JUSTICE DOVE delivered the opinion of the court.
This is a suit in assumpsit instituted by Herman P. Baker against Grover A. Zang to recover the amount claimed to be due the plaintiff by virtue of a certain contract theretofore entered into by the plaintiff and his wife, Ada D. Baker, and Thos. B. Addis, and subsequently assigned to Zang. A general and special demurrer to the second amended declaration was sustained by the trial court and the plaintiff having elected to abide by the declaration as amended, a judgment was

rendered for defendant in bar of the action and for costs. During the pendency of the suit, the plaintiff died and his administratrix appears as plaintiff in error in this court.

The declaration alleges that Herman P. Baker and his wife Ada D. Baker, on December 3, 1926, entered into a written agreement with Thomas B. Addis, by the terms of which Baker contracted to convey to Addis certain real estate in the City of Kewanee, for the sum of $4,645. Of this amount $50 was paid in cash and the balance, according to the agreement, was to be paid in monthly instalments of $50 or more, until the principal was paid in full, the deferred payments to draw seven per cent interest. Under the agreement Addis was also to pay all taxes levied subsequent to 1925, keep the building on the premises insured and it was expressly agreed that the time of payment was of the essence of the contract and that all the covenants and agreements in the contract contained extended to and were obligatory upon the heirs, executors, administrators and assigns of the respective parties. The declaration then charges that Addis accepted the contract and entered into possession of the premises and made a number of payments thereunder; that some time prior to November 1, 1927, Addis defaulted in his payments, and on that day, by an indorsement written on the back of said contract, Addis assigned said contract to Grover A. Zang in the following words and figures, viz.: ''In consideration of $1.00 to me in hand paid, I hereby assign and transfer to Grover A. Zang, all my rights, title and interest, to the within contract. Witness my hand and seal this 1st day of November, 1927 (Signed) Thomas B. Addis (Seal).''

The declaration then charges that Zang, in consideration of said assignment, verbally promised Addis that he would assume and agree to pay the payments then due the plaintiff and perform all the conditions and

obligations of the contract; that plaintiff consented to said assignment and agreed with Zang to thereafter look to him as the sole obligor under said contract; that Zang accepted the contract and assignment, went into possession of the premises and paid the taxes, special assessments and all the obligations and instalments as the same became due under the contract until January 3, 1929, at which time he refused to pay any further instalments or perform any of the obligations thereunder, and has made no further payments to the plaintiff.

The trial court held that inasmuch as Zang had executed no written instrument binding himself to the terms of the contract, he could not be charged therewith, and the provisions of the statute of frauds precluded a recovery. Counsel for plaintiff in error insists that Zang accepted the contract after the assignment was made, went into possession of the premises covered by the instrument, made payments in accordance therewith and therefore the provisions of the original contract became mutual and binding upon both parties. In support of this contention the case of *Barnard v. Huff,* 252 Mich. 258, 233 N. W. 213, 77 A. L. R. 259, is relied upon. It appeared in that case that in May, 1926, Emily Bermingham sold certain real estate to Huff on a land contract and thereafter Barnard, the plaintiff, acquired the vendor's interest therein. Huff took possession, collected the rents and made payments under the contract until October 8, 1927, when Huff transferred her interest to Christy by an assignment executed by both parties. Christy went into possession, made a written agreement with plaintiff reducing the instalments and made payments thereunder until April 13, 1928, when he executed a written assignment to Smith and Wood. Christy only executed the assignment, but Smith and Wood sent a copy thereof to the plaintiff and went into possession,

collected the rents, and made payments under the contract until August 30, 1928, when Wood executed an assignment of his interest to Smith. This assignment was not signed by Smith, but he sent a copy thereof to plaintiff, took possession, collected the rents and made payments thereunder. The court, in passing upon the questions involved, stated that equitable liens and the method of their enforcement are peculiarly within the jurisdiction of equity courts; that the liabilities for the debt of a grantee of a mortgagor and an assignee of a vendee's equitable title under land contracts are similar; that a bare conveyance of the land or a bare assignment of the contract imposes no obligation on the grantee or assignee to pay the debt, but where he assumes and agrees to pay it, his personal liability attaches, his primary liability being to his own grantor or assignor, but it may inure to the benefit of the mortgagee or vendor; that in Michigan the assumption of the debt by the grantee of a mortgagor creates an obligation which the mortgagee may enforce in equity, but not at law and the court held that by analogy to the law of mortgages, the assignment of a land contract is a conveyance of vendee's equitable title and the assignment binds the accepting assignee, in equity, without his signature just as the acceptance of a deed, containing an obligation to pay the mortgage, binds a grantee of the mortgagor, in equity, although he has not signed the conveyance. The opinion then states: ''By the engagements in the assignments, the assignees, Wood and Smith, made the payment of purchase price their original and personal obligation, which, under the contract, they could pay at any time. The agreement to pay the purchase price was not within the Statute of Frauds as a promise to pay the debt of another or a contract not to be performed within a year, requiring the signature of the promisor. It appears,'' concludes the opinion, ''that Barnard asked Smith and

Wood to execute the assumption clause shortly after they took the assignment of contract, and they refused. As they became bound by accepting the assignment *containing the clause,* their subsequent refusal to sign it was without force. The decree will be modified to cause the deficiency judgment to run against all the defendants.''

The instant case is clearly distinguishable from the *Barnard* case. The opinion in the *Barnard* case says the assignment to Smith and Wood contained an assumption clause and held that their signatures to the assumption clause were unnecessary, as they had, by their conduct, accepted the assignment which contained this clause. In the instant case Zang took an assignment without an assumption clause. Furthermore, the *Barnard* case was a proceeding in equity to foreclose a land contract. The instant suit is a proceeding at law in assumpsit to recover the balance due on a contract of sale theretofore executed by the vendor of the defendant. ''It is well settled that the promise of a purchaser of land to take title or pay purchase money cannot be enforced against his assignee, either in an action for specific performance or in an action for damages, unless there is an agreement to that effect on his part, even though the contract provides that the stipulations or covenants are to bind the heirs, personal representatives and assigns of the parties; but the land remains liable for the purchase money and the vendor may call upon the assignee to pay the price or surrender the land or have it sold to satisfy the debt.'' 39 Cyc. 1671. In 27 R. C. L. 567, it is said: ''The purchaser's contract to buy is a personal one and his assignee incurs by reason of the assignment alone no personal liability to the vendor for the payment of the unpaid purchase money. While the assignee cannot compel the vendor to convey without the payment of the purchase money this conditional right to a convey-

ance is quite a different thing from personal liability to compulsory payment at the suit of the vendor; such liability can only result from some express or implied contract of the assignee and is not implied from the mere assignment of the original contract although followed by the possession of the land. This is true though the contract provides that it shall apply to and bind the assignees of the respective parties. By the assignment it may be that the assignee becomes impliedly bound to protect his assignor against the demands of the vendor. This, however, is no concern of the vendor; such an obligation, if it does arise, does not spring from a contract expressly made for the vendor's benefit and he cannot take advantage of it. The vendor has as against the purchaser's assignee a remedy *quasi in rem,* rather than *in personam,* and in a court of equity may call upon him to pay the purchase money or to surrender the land or to have it sold in satisfaction of the purchase money.''

In the instant case the declaration charges that Zang orally promised Addis that he would make the payments as they became due under the contract and plaintiff agreed with Zang to look to him as the sole obligor under the contract. Counsel for plaintiff in error in his argument states that he does not regard these allegations as the principal part of Zang's contract to perform but that this verbal promise of Zang, together with his acceptance of the contract and its assignment, his going into possession and his making the payments made a valid contract on the part of Zang, which entitles the plaintiff to recover in this action. This argument concedes that the contract which plaintiff seeks to enforce rests partially on a parol promise and partly in writing. In determining whether such a contract is within the inhibition of the statute of frauds, it must be treated as a parol contract. *Taylor v. Scott, Foresman & Co.,* 178 Ill. App. 487; *Dougherty v. Catlett,* 129

Ill. 431. Clearly, therefore, this contract contravenes that portion of the statute which provides that no action can be maintained to charge any person upon any contract for the sale of lands, unless the contract is in writing and signed by the party to be charged therewith.

The trial court committed no error in sustaining the demurrer to the second amended declaration and its judgment is affirmed.

*Judgment affirmed.*