HAMBURGER *v.* RUSSELL.

1. Vendor and Purchaser—Foreclosure—Assignments—Assumption of Balance Due.
  One who accepts assignment of vendee's interest in land contract on certain lots at price which he knows is too high, and assumes and agrees to pay balance due, may not urge as defense in suit for foreclosure with prayer for deficiency that amounts stated in contract were fictitious and did not represent actual sale of lots; there being no claim of fraud.

2. Same—Liability of Assignee for Deficiency.
  Assignee of vendee's interest in land contract, who assumes and agrees to pay purchase price, is liable for deficiency decree on foreclosure in equity.
  Potter, J., dissenting.

Appeal from Macomb; Spier (James E.), J. Submitted June 5, 1931. (Docket No. 117, Calendar No. 35,791.) Decided December 8, 1931.

Bill by Charles Hamburger against James F. Russell, as assignee of vendee's interest, for foreclosure of a land contract and deficiency decree. Decree for defendant. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*Abram Sapiro,* for plaintiff.

*William T. Kelly,* for defendant.

Fead, J. This is a bill to foreclose a land contract, with prayer for deficiency decree against defendant, assignee of the original vendee, Brown. The court dismissed the bill.

Plaintiff had sold some real estate in Detroit on contract to Brown and two others. Brown's share was $8,000, of which he had paid $3,810. In October, 1927, the vendees had a chance to trade their equities. With plaintiff's consent the exchange was made; Brown received eight lots in Centerline village, Macomb county, and his account with plaintiff as to the Detroit property was transferred to the lots, by plaintiff taking a deed to them and executing to Brown a land contract for $8,000, with credit of $3,810 as down payment. This was done without special relation to the value of the lots, although both plaintiff and Brown thought the security good. There was no fraudulent purpose in the transaction.

Brown made payments for about a year. At that time defendant was trying to dispose of an apartment in Detroit. He and Brown met and began negotiations which culminated in Brown buying the apartment at $65,000, with credit of $15,000 for the Hamburger contract and three vacant lots. The assignment of contract to defendant was executed by both parties, witnessed and acknowledged, and states specifically the balance owing, "which the said assignee and grantee assumes and agrees to pay."

Defendant's position is that the amounts stated in the contract were fictitious, did not represent actual sale of the lots, the lots were worth only about $2,200, and decree for specific performance may be denied in the discretion of the court.

The bill is for foreclosure, not specific performance.

Had Brown used the terms of the contract to defraud defendant, *Hall-Doyle Equity Co.* v. *Crook,* 245 Mich. 24, would be of interest. But defendant testified he was not defrauded by Brown. When shown the lots, he laughed and told Brown they were

not worth a quarter of the price he asked for them. He knew the contract did not represent their value and he took the assignment with the intention of not fulfilling the contract. Evidently he was more concerned about selling the apartment at his price than in getting a full-value down payment.

Brown fulfilled his contract for the apartment until he disposed of it, and defendant had the benefit of performance until he sold his equity. He has kept the lots, and has never claimed he was defrauded nor attempted rescission.

We can discover in the record no legal or equitable basis for refusing plaintiff a decree of foreclosure.

An assignee of a vendee's interest in a land contract, who assumes and agrees to pay the purchase price, is liable for deficiency decree on foreclosure in equity. *Barnard* v. *Huff*, 252 Mich. 258.

Decree will be reversed, and one entered for plaintiff, with costs.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, SHARPE, and NORTH, JJ., concurred with FEAD, J.

POTTER, J. I dissent from the conclusions herein, it being ruled by *Peoples Savings Bank* v. *Geistert*, 253 Mich. 694.