JOHNSON *v.* BANGS-McCUTCHEON, INC.

1. Vendor and Purchaser—Foreclosure—Deficiency Decree Against Assignees.
    Vendor, in foreclosure of land contract in equity, is entitled to decree for deficiency against vendee's assignees who in writing assumed contract.

2. Same—Fraud in Assignment.
    Where, in foreclosure of land contract, assignees filed no cross-bill for rescission and sought no affirmative relief, allegations of fraud in their answer may not be considered.

On foreclosure by vendor of land contract as affected by assignment of contract, see annotation in 77 A. L. R. 291.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 22, 1932. (Docket No. 140, Calendar No. 36,519.) Decided September 16, 1932.

Bill by Fred Johnson and another against Bangs-McCutcheon, Inc., a Michigan corporation, and others to foreclose a land contract. Decree for plaintiffs. Defendants Huber and others appeal. Affirmed.

*Neithercut & Neithercut,* for plaintiffs.

*John Hal Engel,* for defendants Huber, Brown, and Engel.

CLARK, C. J. The defendants to this bill to foreclose a land contract are the vendee and its assignees. Plaintiffs had decree. Defendants, assignees, have appealed.

The right of a vendor, in foreclosure of a land contract in equity, to have decree for deficiency against vendee's assignees, who, in writing, have assumed the contract, is discussed and settled in *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259); *Peoples Savings Bank* v. *Geistert,* 253 Mich. 694; *Hamburger* v. *Russell,* 255 Mich. 696.

The defendants, assignees of vendee, asserted, by answer alone, fraud in the assignment to them. No rescission of such assignment had been effected. Such assignees here filed no cross-bill, sought no affirmative relief. Hence, no consideration can be given to their allegations of fraud.

Other points are attempted, but they call for no discussion.

Affirmed, with costs.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.