ZEIDLER *v.* BURLINGAME.

1. Vendor and Purchaser—Foreclosure—Assignments—Liability of Assignee for Deficiency Decree.

On foreclosure of land contract, vendee's assignee is subject to deficiency decree if assumption of liability is effective as between vendee and assignee, notwithstanding there is no privity of contract between vendor and assignee, which would be necessary to maintain action at law.

2. Same—Vendor's Consent to Assignment—Oral Consent—Consideration.

Where agreement assigning vendee's interest in land contract provided that assumption of obligation by assignee was on condition of assent thereto by vendor, but not providing that said assent be in writing, oral consent would be fulfillment of said consideration.

3. Same—Waiver of Written Consent—Assignments.

Oral consent by vendor to assignment of land contract by vendee would validate assignment, notwithstanding provision in contract that such consent must be in writing, since oral consent would amount to waiver of provision for written consent.

4. Same.

Vendor's conduct in accepting assignment of land contract by vendee, attaching it to his copy of contract, receiving payments from assignee, and thereafter treating him as vendee, *held,* to amount to waiver of provision in land contract for written consent to assignment.

5. Same—Acceptance—Specific Performance—Waiver.

Where vendee's assignee made payments to vendor for more than four years, at one time wrote to vendor asking for extension of time to make payment and promising to pay in full, and made no complaint because vendor's consent to assignment had not been made in writing, he is *held,* to have accepted vendor's conduct as performance of contract for consent, or, in alternative, he waived specific performance by making payments and acknowledging both by conduct and in writing his personal obligation under contract.

6. SAME—ASSIGNMENTS—WAIVER.

Where vendee's assignee assumed liability on condition of vendor's assent to assigment, if it was vendee's duty to secure vendor's assent, said duty was waived by assignee's keeping contract for four years without complaint, making payments, and acknowledging his liability under contract.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted October 19, 1932. (Docket No. 133, Calendar No. 36,774.) Decided December 6, 1932.

Bill by Reinhold A. Zeidler against Lewis F. Burlingame and another and Harry Suffrin, vendee's assignee, to foreclose land contracts. From decree for deficiency as to all defendants, defendant Suffrin appeals. Affirmed.

*Albert McClatchey,* for plaintiff.

*Butzel, Levin & Winston* (*Chris M. Youngjohn,* of counsel), for defendant Suffrin.

FEAD, J. Defendant Suffrin reviews decree for deficiency against him on foreclosure of two land contracts. As the contracts are identical upon the issues here, we will speak in the singular for convenience.

The contract, executed in 1923, runs from plaintiff and wife, the latter since deceased, to defendants Burlingame, and provides:

"It is further agreed, by the parties hereto, that the said parties of the second part shall not assign this contract without the consent of the parties of the first part being first indorsed in writing hereon and on the duplicate copy hereof held by the parties of the first part."

Defendants Burlingame assigned to defendant Suffrin in November, 1925, by assignment providing:

"That Harry Suffrin, party of the second part, assignee as above named, does hereby accept the above assignment and transfer, and in consideration of the assent of Reinhold A. Zeidler and Olga H. Zeidler, his wife, the vendors in the annexed land contract, to said transfer, does hereby covenant and agree to assume and fulfil all the conditions and obligations therein contained on the part of the said party of the second part therein to be fulfilled."

Burlingame sent the assignment to plaintiff, who attached it to his contract. Plaintiff executed no written consent to the assignment, expressed no oral consent, was not asked to do either, but was and is willing to execute formal consent. Collections were made by his agent, and plaintiff never saw Suffrin until shortly before trial.

Suffrin made payments on the contract to plaintiff's agent from April 20, 1926, to May 9, 1930. On one occasion he was in arrears, plaintiff gave him notice of forfeiture, commenced summary proceedings for possession, Suffrin paid the sums due, the action was discontinued, and the contract reinstated. In December, 1929, and March, 1930, Suffrin wrote plaintiff directly, asking extension of time of payment, and, in one letter, promising to pay in full. Suffrin made no complaint to Burlingame or plaintiff that plaintiff's consent had not been obtained or indorsed. He had possession of a duplicate contract, and said he did not know there was no consent on it until the case came up and his attorney discovered it.

The right of plaintiff to deficiency decree against Suffrin does not depend upon an assumption of lia-

bility by the latter, of a character which would produce privity of contract between plaintiff and Suffrin, as was involved in *Sloman* v. *Cutler,* 258 Mich. 373, a suit at law. If the assumption of liability is effective as between Burlingame and Suffrin, the latter would be subject to deficiency decree. *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259) ; *Hamburger* v. *Russell,* 255 Mich. 696.

Suffrin contends that the consideration for his assumption of the obligation was the consent of the vendor, that written consent by the vendor was contemplated in order to furnish him complete title papers, and that the consideration failed, and the obligation fell with it.

The circumstances negative the contention that written consent was in the minds of the parties. It was not so provided in the instrument. The assumption of obligation by Suffrin was in the present tense. The instrument had not yet been presented to plaintiff for indorsement of consent. If the parties were concerned with the technical validation of the assignment, they would have expressed the assumption in future terms, conditioned on consent being executed in conformity with the contract, and Suffrin would have made sure that his copy was properly indorsed.

Viewing and reading the assignment normally, it is apparent that the consideration for the assumption of obligation was such consent by the vendor, whether written, verbal, or otherwise, as would validate the assignment. In other words, the parties were concerned with the substitution of Suffrin for Burlingame as vendee, not so much with the technical means of accomplishing that purpose.

Oral consent by plaintiff would be a fulfillment of the consideration. It would validate the assign-

ment because it would amount to a waiver of the contract provision for written consent. *Maday* v. *Roth*, 160 Mich. 289 (136 Am. St. Rep. 441). Such waiver actually occurred by plaintiff's conduct in accepting the assignment, attaching it to his contract, receiving payments from Suffrin, and treating him as vendee. *Distasio* v. *Gervasio*, 234 Mich. 482. As a matter of fact, Suffrin received all he bargained for as consideration for his undertaking.

Moreover, Suffrin accepted vendor's conduct as performance of the contract for consent, or, in the alternative, he waived specific performance by making the payments and acknowledging, both by conduct and in writing, his personal obligation under the contract. The rule of waiver in the *Distasio Case* applies to Suffrin.

Again, the contract of assumption of liability was between Burlingame and Suffrin. If it was Burlingame's duty to secure the assent of the vendor, the duty was waived by Suffrin keeping the contract for four years without complaint to Burlingame, making payments, and acknowledging his liability upon the contract. *Distasio* v. *Gervasio, supra.*

Decree affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. BUTZEL, J., did not sit.