JAMES S. HOLDEN CO. *v.* APPLEBAUM.

1. VENDOR AND PURCHASER—ASSIGNMENTS—ASSUMPTION OF LIABILITY—RELEASE FROM ASSUMPTION.

Where vendee assigned his interest in land contract, assignee assumed and agreed to pay balance due, and vendor accepted benefit of assumption of debt by assignee, vendee did not thereafter have right to release assignee from assumption covenant, by purporting to convey assignment of said covenant to third party for nominal consideration.

2. ELECTION OF REMEDIES—WHAT CONSTITUTES ELECTION.

In order that there may be election of remedies confining party to remedy first chosen, and precluding resort to another, two remedies must be inconsistent with each other, and not analogous, consistent, and concurrent.

3. SAME—FILING CLAIM AGAINST ESTATE NOT INCONSISTENT WITH FORECLOSURE.

Filing claim for balance due on land contract with commissioners on claims of estate of assignee of vendee's interest was not such proceeding at law as barred subsequent foreclosure and deficiency decree against estate.

Appeal from Wayne; Webster (Arthur), J. Submitted April 12, 1933. (Docket No. 111, Calendar No. 37,034.) Decided June 5, 1933. Rehearing denied August 29, 1933.

Bill by James S. Holden Company, a Michigan corporation, against Harry R. Applebaum, executor under last will of Isaac Applebaum, deceased, and others to foreclose a land contract. From decree for plaintiff, defendant executor appeals. Affirmed.

*Wurzer & Higgins* (*John T. Higgins,* of counsel), for plaintiff.

*Sempliner, Dewey, Stanton & Bushnell* (*Jason L. Honigman,* of counsel), for defendant.

Sharpe, J.   On May 1, 1925, Maurice Dreifuss contracted to sell certain real estate in the county of Wayne to Louis T. Applebaum. On November 7, 1927, Applebaum assigned his interest as vendee in the contract to his father, Isaac Applebaum. It was stated therein that the balance owing thereon was the sum of $9,959.08, with interest from June 1, 1927, "which the said assignee and grantee assumes and agrees to pay." On May 8, 1928, Dreifuss conveyed the premises to the plaintiff corporation by warranty deed and at the same time assigned his interest in the land contract to it, covenanting therein that there was then due thereon the sum of $9,902.77. On the same day Dreifuss gave a written notice to Isaac Applebaum that he had transferred the land contract to plaintiff and that payments would thereafter be made to it, and Isaac Applebaum at the same time signed a statement that the amount due on the contract assigned to him was the sum above stated. These instruments were delivered by Dreifuss to the plaintiff. Isaac entered into possession of the premises, collected the rents, paid the taxes, made repairs thereon, and continued to make monthly payments on the contract until the time of his death, on May 30, 1928, and payments were made thereon by the executors for several months thereafter.

On July 23, 1930, plaintiff filed its claim for the balance due on the contract with the commissioners on claims in the estate of the deceased, and on November 20, 1930, the commissioners filed their report disallowing the same, from which the plaintiff, on December 8, 1930, took an appeal to the circuit court for the county of Wayne, which is yet pending therein. While the claim was there pending, the attorneys for the estate, with the express intention of avoiding

liability to the plaintiff, caused Louis T. Applebaum to execute a document on October 24, 1930, in which he purported to assign to Albert E. Smith, one of the defendants, for a consideration of one dollar, "the covenant in said assignment whereby the assignee assumes and agrees to pay the balance owing upon the land contract." Smith was at that time an attorney in the office of the attorneys for the estate. No notice of this assignment was given to the plaintiff.

On November 1, 1930, the plaintiff filed its bill of complaint herein, later amended, seeking foreclosure of the land contract and setting forth the facts above stated, except the assignment to Smith. It alleged therein, on information and belief, that Smith had an interest in the property, the nature and extent of which was unknown to it. It prayed therein for a sale of the premises and for a decree ordering the executors of the estate to pay to it any deficiency which might arise therefrom.

The executors answered, denying the right of the plaintiff to a decree for deficiency. Smith filed a disclaimer of any interest in the property. The bill was taken as confessed against Louis T. Applebaum and Maurice Dreifuss, who were made defendants. It appears that Abram W. Sempliner, one of the executors, then resigned.

After a hearing, the court found the amount due on the contract to be $11,049.67, and ordered Louis T. Applebaum and Maurice Dreifuss to make payment thereof within five days, and in default that the property be sold and that plaintiff have a personal decree against these parties for any deficiency, and:

"That the plaintiff shall have the right to present the amount of such deficiency to the probate court for allowance or disallowance against the estate of

Isaac Applebaum, under the statutes and rules of the court in such cases made and provided, with interest at 7 per cent. per annum.''

From this decree the remaining executor has taken this appeal. He insists that the promise of the deceased to assume and pay the amount unpaid upon the contract was a personal one to the vendee therein; that his rights thereunder inured to the benefit of the plaintiff by way of subrogation only, and that the assignment by the vendee to Smith of the covenant or promise of the deceased discharged the liability of the assignee to the plaintiff thereunder.

The question thus presented has not been passed upon by this court. The decisions of other courts thereon are reviewed at length in the annotations appearing in 21 A. L. R. 462 and 47 A. L. R. 342. We need not here discuss or determine the nature of the liability thus assumed by an assignee. If it be conceded that the claim of the executor as above stated is supported by the weight of authority, the rule of law established thereby has been quite universally held to be subject to the exception that it should not be applied in cases where the mortgagee or grantor has accepted the contract obligation of the assignee or asserted his rights thereunder before the assignment or release thereof was executed by the mortgagor or vendee. (See authorities above cited.)

It appears, as before stated, that Dreifuss, the vendor in the contract, at the time of the sale thereof to plaintiff, delivered to it a written acknowledgment of the amount then due on the contract, signed by Isaac, to which was attached a written notice to him, signed by Dreifuss, that the plaintiff was the owner of the contract and that payments thereon

should thereafter be made to it. It appears that Isaac was possessed of considerable property, inventoried in the probate court at upwards of $300,000, and that plaintiff accepted monthly payments from the executors in the sum of $100 instead of $200 provided for in the contract, and, before the purported assignment to Smith was made, demanded payment in full of the balance then due thereon. By these acts the plaintiff accepted the benefit of the assumption of the debt by Isaac, and its rights thereunder were not affected by the assignment made to Smith. The conclusion thus reached renders it unnecessary to pass upon the validity of this assignment, which plaintiff's counsel strenuously assail.

Counsel for the executor insist that the court was in error in holding that the filing of plaintiff's claim with the commissioners did not constitute an election of remedies on its part, and that its appeal from the disallowance of its claim, yet pending, is not a bar to the relief here sought against the estate.

In 20 C. J. p. 26 the rule is thus stated:

"In order that there may be an election of remedies confining the party to the remedy first chosen, and precluding a resort to another, the two remedies must be inconsistent with each other, and not analogous, consistent, and concurrent. No act is decisive so as to constitute a conclusive election, unless the remedial right upon which such act is based is irreconcilable with the remedial right which the subsequent action or suit is brought to enforce."

In foreclosures in chancery the statute (3 Comp. Laws 1929, § 14369) requires the bill of complaint to state whether any proceedings have been had at law for the recovery of the debt secured by the mortgage. In foreclosures by advertisement, the notice

of sale must also so state (section 14426). In *Larzelere* v. *Starkweather,* 38 Mich. 96, it was held that the filing of a claim secured by a mortgage with the commissioners on claims of an estate was not such a proceeding at law as barred a subsequent foreclosure.

The decree is affirmed, with costs against the estate.

MCDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.