BOUCHARD *v.* EDWARDS.

1. VENDOR AND PURCHASER—FORECLOSURE—DEFICIENCY.
    Vendors' grantees who merely ceased soliciting further payments under land contract after vendees' assignee had defaulted may foreclose and seek decree for deficiency.

2. SAME—ASSIGNMENTS—DEFICIENCY—TENDER.
    Vendees' assignee who assumed and agreed to pay land contract is subject to deficiency upon foreclosure in equity by vendors' grantees without tender of deed.

3. SAME—SURETYSHIP RELATION OF VENDEES' ASSIGNEE.
    Suretyship relation of vendees' assignee who assumed and agreed to pay land contract is not involved in foreclosure proceedings in equity.

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 3, 1933. (Docket No. 21, Calendar No. 37,321.) Decided December 5, 1933.

Bill by Joseph J. Bouchard and wife against Albert Rouse, J. Harrison Edwards, Sarah E. Hoffman and James DeGood to foreclose a land contract and for deficiency. Decree for plaintiffs against defendants Rouse, Edwards and DeGood. Defendant Edwards appeals. Affirmed.

*Theodore H. Elferdink,* for plaintiffs.

*Leroy J. Herman,* for defendant Edwards.

POTTER, J. Plaintiffs, successors in title and interest to vendors in a land contract, seek foreclosure in equity and decree for deficiency against appellant, assignee of vendees. Appeal is taken from decree for plaintiffs. No notice of forfeiture was served. Notice to quit and forfeiture for default of vendees was waived. Appellant claims the bill alleges all vendee's rights under the contract have ceased and terminated, and the proof shows the contract was terminated and foreclosure instituted; that thereby the mutual rights and liabilities under the contract were terminated; that defendants could not enforce the contract, and hence plaintiffs may not do so; that plaintiffs looked to and collected from appellant's assignees for a long period of time; that a novation resulted and appellant is released from liability and no decree may be taken without tender of a deed by plaintiffs.

The allegations of the bill and testimony that defendant's rights were terminated must be considered in connection with the acts of plaintiffs which show that upon default by vendees and their

assign in payment, they elected to cease soliciting further payments, to foreclose the contract and seek decree for deficiency. This they had a right to do. Appellant, an assignee of vendees, assumed and agreed to pay the contract. Under the rule of *Barnard* v. *Huff*, 252 Mich. 258 (77 A. L. R. 259); *Hamburger* v. *Russell*, 255 Mich. 696, and *Johnson* v. *Bangs-McCutcheon, Inc.*, 260 Mich. 120, plaintiff was entitled to decree for deficiency against appellant. Suretyship is not involved. Tender of a deed was not a necessary prerequisite of foreclosure.

Decree affirmed, with costs.

McDonald, C. J., and Weadock, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.