ALLEN v. KING.

1. Vendor and Purchaser—Assignments—Signature—Equity.
    Assignee of land contract who accepted assignment undertaking "to fulfill all the conditions set forth in the annexed instrument" agreed to pay contract debt and became bound thereby in equity without his signature thereto.

2. Election of Remedies — Probate Court — Jurisdiction — Land Contracts—Deficiency Decree.
    Action of probate court in disallowing claim of vendor under land contract against estate of vendee's assignee for balance due for want of jurisdiction to consider any but legal claims is not such an election of remedies as to bar deficiency decree against estate in foreclosure proceedings.

Appeal from Kent; Brown (William B.), J. Submitted October 10, 1933. (Docket No. 15, Calendar No. 37,270.) Decided December 5, 1933.

Bill by Minnie E. Allen against Josephine King, executrix of estate of George King, deceased, and Philip and Anna Allen, to foreclose a land contract.

Cross-bill by defendants Allen against defendant King, as executrix, to establish liability for deficiency. From decree of foreclosure as to all defendants and from a deficiency decree against defendants Allen, plaintiff and defendants Allen appeal. Decree for deficiency as to defendant King.

*Norris, McPherson, Harrington & Waer* (*Annis & Heaney,* of counsel), for plaintiff.

*Linsey, Shivel & Phelps,* for defendant King.

*Benjamin T. Smith,* for defendants Allen.

SHARPE, J. A land contract for the sale of certain premises in the city of Grand Rapids in which the plaintiff was vendor and the defendants Philip Allen and Anna Allen, his wife, were vendees was assigned by the vendees to George King. While the assignment was not signed by him, it was annexed to the vendees' copy of the contract and delivered to him. In it he agreed "to fulfill all the conditions set forth in the annexed instrument." It was prepared by C. DeBoer, an employee of the Old Kent Bank, where the plaintiff had left her contract for collection, and a copy of it was annexed by him thereto.

After receiving the assignment, King notified the tenants of the premises of his purchase, made certain improvements thereon, and received the monthly rental therefor. He made 23 payments on the contract, one to the plaintiff and the others to the bank, all of which were applied thereon. He then became deceased. His widow, the defendant Josephine King, was appointed special administratrix of his estate and as such made one payment on the contract and paid certain taxes on the lands de-

scribed therein. She was later appointed executrix under his will.

Later, there was default in the payments and of taxes, which were paid by plaintiff, and she filed a claim in the probate court against the estate for the balance due on the contract, which was disallowed by the probate judge. She then filed the bill of complaint herein for the foreclosure of the contract, and prayed for a deficiency decree against the defendants Philip Allen and Anna Allen, his wife, and the estate of King. From a decree disallowing her claim against the estate, the plaintiff has taken this appeal.

The question here presented is whether the undertaking of King "to fulfill all the conditions set forth in the annexed instrument" was an assumption on his part of the contract debt and an agreement to pay the same. In our opinion, no other construction can fairly be placed upon the language used. It is, in effect, an assumption of the undertaking of the vendees to make the payments provided for in the contract when they became due. By acceptance of the assignment he became bound thereby in equity without his signature thereto. This question has been so recently considered and passed upon by this court that further discussion seems unnecessary. See, *Barnard* v. *Huff,* 252 Mich. 258 (77 A. L. R. 259) ; *Hamburger* v. *Russell,* 255 Mich. 696; *Zeidler* v. *Burlingame,* 260 Mich. 596; *Krueger* v. *Campbell,* 264 Mich. 449.

It is insisted that the filing of the claim in the probate court, and its disallowance by the judge thereof, was such an election of remedies on the part of the plaintiff as precludes her from now claiming liability on the part of the estate. A probate court has jurisdiction only of legal claims

against an estate. There was no privity of contract between the plaintiff and King and no right of recovery against him or his estate in an action at law. The claim was properly disallowed for want of jurisdiction to consider it. But such action on the part of the plaintiff is not a bar to the relief here sought against the estate. *James S. Holden Co.* v. *Applebaum,* 263 Mich. 507.

A decree may be here entered modifying that appealed from by inserting therein a provision holding the estate of George King liable for any deficiency arising on such sale and directing that it be so certified by the trial court to the probate court. The plaintiff will have costs against the estate.

McDONALD, C. J., and WEADOCK, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.