METROPOLITAN LIFE INSURANCE CO. *v.* STEWART.

1. INSURANCE—COMMON-LAW WIFE—ADMINISTRATRIX WITH WILL ANNEXED.

On insurer's suit interpleading one claiming insurance fund as common-law wife of insured and one, as administratrix with will annexed, claiming under provision of certificate that fund was payable to estate in case neither designated beneficiary, spouse, children or parent of insured were living, findings of law and fact by circuit court commissioner in favor of administratrix, affirmed by circuit court, is not disturbed on appeal although case is heard *de novo.*

2. APPEAL AND ERROR—FINDINGS BY CIRCUIT COURT COMMISSIONERS
—EVIDENCE—WITNESSES.

The finding of fact by a circuit court commissioner will not be
set aside where his finding is supported by the record, the
evidence is conflicting and credibility of witnesses is involved.

Appeal from Wayne; Dingeman (Harry J.), J. Submitted April 8, 1937. (Docket No. 38, Calendar No. 39,293.) Decided May 21, 1937.

Bill of interpleader by the Metropolitan Life Insurance Company, a New York corporation, against Rosie Stewart and Marguerite Montgomery, administratrix with will annexed of the estate of Miller Stewart, deceased, to determine the beneficiary of a life insurance policy. Cross-bill by defendant Stewart against plaintiff. Decree for defendant Montgomery. Defendant Stewart appeals. Affirmed.

*Roxborough & Taliaferro* (*Robert J. Evans,* of counsel), for defendant Stewart.

*Earl G. Maynard* (*Ira J. Pettiford,* of counsel), for defendant Montgomery.

BUTZEL, J. Plaintiff filed a bill of interpleader to determine whether the proceeds of a policy on the life of Miller Stewart should be paid to the administratrix, with will annexed, of his estate or to one Rosie Stewart, who claims to have been the common-law wife of Miller Stewart at the time of his death. The policy was originally made out to Daisy Stewart, the wife of the insured, who pre-deceased him. The certificate of insurance provided that if there was no designated beneficiary at the time the benefits should become payable, then it should be payable

to the wife or husband of the insured, if living, and if not living, then to the surviving children of the insured, and if none, then to the father and mother of such insured, and if none, then to the estate of such insured. Daisy Stewart died on April 17, 1933, at the home on Winder street, Detroit, Michigan, where Stewart and his wife resided with the family of William Burton, and where Stewart continued to live until taken to the hospital where he died.

Rosie Stewart, then known as Rosie Drummond, claims that on May 20, 1933, at a house on Alexandrine avenue in Detroit, they agreed to become man and wife. Two witnesses claim that they were present when the agreement was made. One Annabelle King stated that when Stewart asked appellant to become his wife, she stated, "What about the license?" and he responded, "We don't need any license. The rules of Michigan about common law, you are man and wife after six months." Appellant claims that then and there she agreed to become the insured's wife and that she packed two bags and went to live with him at the Winder street home. It is claimed that the parties never lived together. Mr. Burton and other witnesses, however, testified that Rosie Drummond or Stewart never lived at the Winder street home; that insured continued to live alone after the alleged common-law marriage. There is testimony showing that appellant continued to be known as Rosie Drummond, that the house on Alexandrine avenue, where the alleged agreement of marriage occurred, was one of ill-repute, and it is claimed that appellant and the two witnesses were women of low character who conspired to obtain the insurance money.

We need not repeat the testimony offered by each party. A hearing was had before the circuit court

commissioner who made findings of law and fact in favor of the administratrix. Objections were filed to his report, but the circuit judge affirmed such findings. The testimony of the witnesses is in hopeless conflict, and either one set of them or the other is mistaken. While we hear equity cases *de novo,* we have not the benefit of seeing witnesses in order to assist us in judging their credibility. This advantage the commissioner had. Inasmuch as the testimony and records sustain his findings, we shall not disturb them.

The decree is affirmed, with costs to the administratrix.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.