RUBSAM CORP. v. GENERAL MOTORS CORP.

1. ELECTION OF REMEDIES—FEDERAL COURTS—DISMISSAL WITHOUT PREJUDICE.

Rule that plaintiff would be estopped from proceeding in a second case because he had previously elected to pursue an inconsistent remedy *held,* inapplicable to action to recover damages for breach of license agreement as to patents, following suit in Federal court between same parties covering same matters, where decree therein dismissed bill of complaint without prejudice to maintenance of action in the State courts to recover royalties.

2. DISMISSAL AND NONSUIT—WITHOUT PREJUDICE.

Dismissal without prejudice leaves parties as if no action had been instituted.

3. PATENTS—LICENSEE ESTOPPED TO CLAIM INVALIDITY DURING TERM OF LICENSE.

A licensee of a patent is estopped to claim invalidity of the patent prior to the termination of the license.

4. SAME—USE OF INVENTION—QUESTION OF FACT.

Question of whether or not licensee used licensor's invention or inventions under license agreement entered into between them is one of fact.

5. APPEAL AND ERROR—CONFLICTING TESTIMONY.

Supreme Court is reluctant to disturb findings which involve the adoption of one of two conflicting versions in testimony.

6. SAME—PREPONDERANCE OF EVIDENCE—QUESTION FOR TRIER OF THE FACTS.

Supreme Court does not substitute its judgment on questions of fact unless evidence clearly preponderates in the opposite direction.

7. PATENTS—APPEAL AND ERROR—FINDINGS OF COURT—EVIDENCE— COURT RULES.

On appeal from judgment for defendant licensee in action by licensor of patent pertaining to automobile wheels using detachable tire-carrying rims to recover damages for breach of non-exclusive license, finding of trial court, sitting without a jury, that plaintiff had failed to show defendant ever used plaintiff's patent *held*, not against the preponderance of the evidence, which is examined pursuant to Court Rule No. 64 (1933).

Appeal from Jackson; Simpson (John), J. Submitted April 27, 1937. (Docket No. 41, Calendar No. 39,357.) Decided November 10, 1937. Rehearing denied May 4, 1938. Reconsideration denied October 3, 1938.

Action by Rubsam Corporation, a Delaware corporation, against General Motors Corporation, a Delaware corporation, for damages for breach of a license agreement. Judgment for defendant. Plaintiff appeals. Affirmed. On motion for rehearing affirmed in part, reversed in part and new trial granted. See opinion *post,* 716.

*Whiting & Kleinstiver,* for plaintiff.

*Milburn & Semmes (Prewitt Semmes, Drury W. Cooper* and *C. Blake Townsend,* of counsel), for defendant.

Bushnell, J.  On May 4, 1923, plaintiff's assignors licensed defendant to manufacture, use and sell motor wheels, incorporating Rubsam's inventions as set forth in U. S. patent No. 1,395,362.  This license was non-exclusive and did not require the licensee to pay any specified minimum amount of royalty; the licensor was to receive one and one-half cents for each wheel of a size applicable to cars of the touring type, weighing less than 2,000 pounds, and two cents a wheel, applicable to cars of greater size.  The license not only included the inventions set forth in the patent named but also "any and all improvements thereon, as described in any further patents or patent rights which may be issued to or acquired by licensors, always excepting any and/or all rights under Patent No. 1,403,439 to Mott, and which licensee may elect to acknowledge as such and use within the United States," etc.

The invention or inventions were those pertaining to "vehicle wheels, and particularly to those types of wheel which are provided with removable or detachable tire-carrying rims."  The inventor's application was filed March 9, 1918, renewed on March 19, 1921, and letters patent were issued on November 1, 1921, under the aforesaid number, hereinafter designated as the "first patent." Charles F. Rubsam, the inventor, was later granted three other patents, hereinafter designated as the "second," "third" and "fourth" patents, numbered and dated as follows:  1,576,225—March 9, 1926; 1,576,226—issued the same day, and 1,622,846 —March 29, 1927.

On March 13, 1926, plaintiff wrote defendant advising it of the issuance of the second and third patents and stating:

"Under clause 1, page 1, of said agreement, we submit these patents to you to make an election as to whether or not you desire to operate under them."

Defendant replied on April 10, 1926, saying:

"We are not interested in either of these patents in view of the fact that we own patent No. 1,165,096, issued to Harbridge on December 21, 1915."

This correspondence was followed on August 20th by a written demand upon defendant for payment of accrued royalties under the license agreement, and the added claim by plaintiff that wheels with demountable rims, used on Buick and Chevrolet cars, embodied the invention covered by the first patent and infringed the second and third patents. A few days later defendant was advised of the issuance of the fourth patent and was given the opportunity of electing to use the same.

Plaintiff later filed a disclaimer in the United States patent office on August 23, 1928, affecting the first patent and intending "to more clearly define the invention."

No royalties were paid for the use of any of the inventions and on January 20, 1928, defendant advised the original licensors that:

"In accordance with clause 9 of the agreement entered into between you and General Motors Corporation on the 4th day of May, 1923, we hereby give notice of cancellation to take effect immediately following the period of 90 days from date of your receipt of this notice, as provided for in said clause.

"We further advise you that there are no sales to report under said agreement, and no royalties due.

"This letter will also confirm the statements made to you in the past, that we are not interested in patents Nos. 1,576,225, 1,576,226 and 1,622,846, to which you called our attention, as notwithstanding explanations given by you and your attorney, we feel that these patents are absolutely invalid, at least insofar as they might be alleged to relate to anything we have ever manufactured."

On September 27, 1928, plaintiff began a suit in equity in the district court of the United States for the eastern district of Michigan against General Motors Corporation, Buick Motor Company, Jaxon Steel Products and Chevrolet Motor Company, as defendants, claiming royalties from defendant General Motors Corporation under the license agreement and damages caused by the use and infringement of the four patents by the other defendants.

The district court, Judge Simons presiding, considered defendant's denial of use and infringement as well as the challenge to the validity of all the patents, and held that, although the question of infringement was a rather close one, the line was so narrow that certain considerations stated in the court's opinion must weight the scales in plaintiff's favor, and that the first three patents were infringed by constructions of the defendant; that the license was for the benefit of all the defendants and ordered a reference to a special master for the purpose of determining the amount of plaintiff's damages as to both royalties and infringement. The court held the fourth patent to be invalid and void.

An appeal was taken by defendants to the circuit court of appeals, where an opinion was written by Judge Hickenlooper (see *General Motors Corp.* v. *Rubsam Corp.,* 65 Fed. [2d] 217), holding that, because there was no diversity of citizenship, the dis-

trict court erred in retaining jurisdiction of the cause of action for breach of contract and accounting under the license agreement but that there was jurisdiction to entertain the patent infringement aspect of the case. The court then discussed the claims of the first, second and third patents and held each to be invalid for insufficiency of disclosure and claim description. The opinion was concluded with this language:

"It is therefore unnecessary to pass upon the question of infringement. The decree of the district court is reversed and the cause is remanded with instructions to dismiss the bill of complaint, *but without prejudice to the maintenance of an action in the State courts for the recovery of royalties for the period ending April 21, 1928.*" (Italics ours.)

A final decree and order on mandate was entered by District Judge O'Brien on December 4, 1933. This decree, however, contained the following:

"That defendants have not used what is described and claimed in the said letters patent, * * * or any of them, and have not infringed upon the said letters patent, or any of them."

An appeal was taken by Rubsam from this decree and the circuit court of appeals entered an order eliminating the aforesaid paragraph from the decree; an interlocutory decree being entered in conformity thereto by District Judge Tuttle on December 17, 1935, and a final decree by Judge O'Brien on May 18, 1936.

The action, now before us on appeal, was begun by plaintiff on June 3, 1933. The declaration claims damages for breach of the license agreement stated in three counts; it was filed on June 19, 1933, and after a trial before the circuit judge, sitting without

a jury, a judgment was entered for defendant on July 11, 1936.

Defendant's preliminary motion and answer raised questions of lack of legal capacity of plaintiff corporation to sue because of its failure to pay certain corporate taxes; denial of the use of plaintiff's inventions; failure of consideration because of the invalidity of the patents; a claimed election of remedies in the Federal courts; estoppel; *res judicata;* cancellation; the running of the statute of limitations, viz., 3 Comp. Laws 1929, § 13976, and the failure of plaintiff's declaration to state a cause of action. The answer affirmatively averred that the wheels manufactured by General Motors, or its subsidiaries, did not involve the inventions of Rubsam but were constructed in accordance with the prior art as published and disclosed in some one or more of the 40 other patents listed in defendant's answer.

The circuit judge filed a comprehensive written opinion upon which judgment for defendant was entered. The opinion gives a resume of the relations of the parties and the Federal litigation referred to above.

The trial court decided the case upon two questions: plaintiff's election of remedies in the Federal case and subsequent estoppel in the State court and the non-use by defendant of the inventions of the first patent. The question of election of remedies is discussed and analyzed in the court's opinion which matter we do not quote because of its length.

We do, however, quote the conclusions reached by the trial judge which are as follows:

"From the foregoing, it is plain to the court that in the Federal case the plaintiff never claimed that the General Motors or its subsidiaries ever elected to come under the royalty agreement as to patents

2, 3 and 4, but elected to treat the defendant as an infringer of those patents, 2, 3 and 4, and that the only royalty they were claiming was under the royalty agreement for patent No. 1. Clearly this is an inconsistent position to the position the plaintiff is now taking in this suit wherein it claims that the defendant elected to come under the royalty agreement as to the four patents.

"In the case of *Willard* v. *Shekell*, 236 Mich. 197, 205, the court states:

" ' To constitute an election of remedies so as to estop the plaintiff from proceeding in the second case, the remedies must be inconsistent, as sometimes said, the asserting of one claim negatives the assertion of the other. Thus one who sues in assumpsit for the recovery of the purchase price of an article may not thereafter sue in trover on the theory that title to the article is in him; nor may one who has rescinded a contract on the ground of fraud afterwards maintain an action on the contract. In each of these cases suggested the assertion of one claim repudiates the other claim.'

"So, in the opinion of the court, the plaintiff has asserted inconsistent claims and has instituted inconsistent proceedings in regard to the same. In the Federal court they were claiming for a tort as to infringements of patents 2, 3 and 4, and in this case they are suing on the contract and trying to claim that the defendant is liable on a contract for patents 1, 2, 3 and 4.

"Therefore the court holds that the plaintiff has made an election of remedies and therefore cannot recover in this suit under patents 2, 3 and 4, because of that election of remedies.

"This brings us to the first patent and the royalty agreement thereto. In the district court of appeals case, 65 Fed. (2d) 217, 222, the district court there held:

" ' The defendants do not follow these practices, and the claims do not cover them.'

"The district court held that the first patent was so general in its specifications that it covered the prior art. The plaintiff endeavored to take out a

patent requiring certain bearing surfaces on a demountable rim, but the language of the patent was so general that it did not specify apparently what the plaintiff intended it to do. The plaintiff realizing this, on August 28, 1928, filed a disclaimer in the patent office trying to limit his patent and make the same more definite and specific. The district court held that this disclaimer was to be regarded as an invalid attempt to introduce specifically into the patent, although still clouded in terms of function, a fundamental element of structure and operation not theretofore described in the specification or claimed; and held that that which serves in essence to introduce new elements into a combination, and thus may be proper subject matter for reissue, is not subject matter for disclaimer, especially when supported by no more foundation than the drawing.

"In this case the court is of the opinion that on cross-examination of the plaintiff's president, Mr. Rubsam, he admitted that he knew of no one that had specifically made a wheel according to figure 1 of patent 1, and the court is of the opinion that plaintiff has not shown by the proof that the defendant ever made any rims according to the specifications and drawings as set out in patent 1.

"Therefore, after careful consideration of the case, the court is of the opinion that the plaintiff cannot prevail and that a judgment of no cause of action should enter."

Plaintiff introduced testimony to show that the royalty claimed by it for the use of its inventions on cars bearing certain designated demountable rims, during the life of the license agreement (May 4, 1923, to April 21, 1928) amounted to $293,452.32. This sum covers a total of 13,042,328 rims for 2,608,-465 automobiles at eight cents per car; the royalty item being $208,677.20 and the interest item $84,-

775.12 which was computed at five per cent. Sales of cars using demountable rims began sometime in 1925 and practically ceased in 1930.

Under defendant's statute of limitations theory, its liability, if any, could not antedate June 3, 1927, and would only cover 5,014,841 rims with a total royalty of $112,833.88 made up of principal $80,-237.44 and interest $32,596.44.

The two important and controlling questions were those determined by the circuit judge, *viz.*, election of remedies and use.

We do not find ourselves in accord with the circuit judge's views on the question of election. The quotation from *Willard* v. *Shekell,* 236 Mich. 197, does not seem to be applicable to the situation disclosed in the instant record because the entire question of election was removed from the case by the italicized words in the holding of the circuit court of appeals, *supra.* The court recognized the alternative nature of plaintiff's action as stated in the prayer of its bill of complaint in the Federal court:

"That defendant, General Motors Corporation, be required to account for and pay over to plaintiffs the royalties which accrued under the aforesaid license agreement, Exhibit E, or that Jaxon Steel Products, Buick Motor Company and Chevrolet Motor Company be required to account for and pay over to plaintiffs their profits and plaintiffs' damages arising from the use of the invention of patent No. 1,395,362, during the subsistence of said agreement and that defendants, Jaxon Steel Products, Buick Motor Company and Chevrolet Motor Company be required to account and pay over to plaintiff their profits and plaintiffs' damages arising from said infringement of Nos. 1,395,362, 1,576,225, 1,576,226 and 1,622,846," etc.

In *Allen* v. *King,* 265 Mich. 306, a claim against an estate for the balance due upon a land contract was disallowed by the probate court for want of jurisdiction, and we held, under the authority of *James S. Holden Co.* v. *Applebaum,* 263 Mich. 507, that the filing of the claim was not just such an election of remedies as would bar an action to foreclose the land contract.

A dismissal of the royalty claim by the Federal court for want of jurisdiction and without prejudice to the maintenance of an action in the proper forum, cannot furnish the basis for a holding by the latter that the claimant was estopped because of an election of remedies.

"A dismissal without prejudice leaves the parties as if no action had been instituted." *Northrup* v. *Jay* (syllabus), 262 Mich. 463, and authorities therein cited.

As was suggested in the circuit court of appeals opinion to which we have referred (*General Motors Corp.* v. *Rubsam Corp., supra*) defendant, licensee, is estopped to claim invalidity of the patents "in an action for royalties upon wheels manufactured and sold prior to the termination of the license." See, also, *Forncrook Manfg. Co.* v. *E. T. Barnum Wire & Iron Works,* 54 Mich. 552, and *Thomson Spot Welder Co.* v. *Oldberg Manfg. Co.,* 234 Mich. 317; the latter opinion containing citations of many authorities on this subject.

Appellant insists that the trial judge's finding that "plaintiff has not shown by the proof that the defendant ever made any rims according to the specifications and drawings as set out in patent 1," is against the great weight of the evidence. Appellant says the statement in the trial court's opinion

that Rubsam "admitted that he knew of no one that had specifically made a wheel according to figure 1 of patent 1," etc., "indicates that the court was not only oblivious of the basic principal and invention of the first patent as defined by the court of appeals, but disregards the fact that defendant has used Rubsam's inventive step," etc.

The question of defendant's use of plaintiff's invention or inventions under the license agreement is one of fact. *Motor Wheel Corp.* v. *Rubsam Corp.* (C. C. A.), 92 Fed. (2d) 129.

The parties waived a trial by jury and the trial judge, after seeing and hearing the witnesses and carefully considering the many exhibits produced, reached the conclusion that defendant had not made any rims "according to the specifications and drawings as set out in patent 1." Testimony regarding the use by defendant of claimed "improvements thereon as described in any further patent or patent rights" was also before the court and an examination of the record shows that this claim was also given careful consideration. The question of use by defendant of Rubsam's invention was sharply and strenuously disputed with strong testimony on both sides.

As was said in *Filter* v. *Mohr,* 275 Mich. 230, 234:

" 'We are reluctant to disturb findings which involve the adoption of one of two conflicting versions in testimony. *Watrous* v. *Conor,* 266 Mich. 397.' *Patton* v. *Stealy,* 272 Mich. 57.

" 'The law permits the trier of the facts a wide discretion in determining what those facts are. We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction.' *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111).''

See, also, *Bugbee* v. *Fowle,* 277 Mich. 485.

We have reviewed the findings of the trial court under the provisions of Court Rule No. 64 (1933) as required by *Baumgartner* v. *St. Armour,* 276 Mich. 650, and *Riber* v. *Morris,* 279 Mich. 344, and do not find that "the judgment is against the preponderance of the evidence."

Judgment for defendant is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, SHARPE, POTTER and CHANDLER, JJ., concurred. BUTZEL, J., did not sit.