GRUDZIEN *v.* ZIOLKOWSKI.

1. APPEAL AND ERROR—EQUITY—CONFLICTING TESTIMONY—CREDIBILITY OF WITNESSES.

In equity appeals the scope of review is broad and the Supreme Court is not precluded from making a fresh inquiry into the facts but is reluctant to disturb a finding based on credibility of witnesses where the trial judge was called upon to adopt one view or the other from conflicting testimony.

2. INSURANCE—POSSESSOR'S LIEN FOR DEBT OF INSURED.

In daughter's suit to establish lien against father's life insurance policies in her possession to secure an indebtedness owing by father, finding that father had repaid the indebtedness and that he was entitled to possession of the policies *held*, not contrary to the clear preponderance of the evidence.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 4, 1940. (Docket No. 5, Calendar No. 41,041.) Decided September 6, 1940.

. Bill by Maryanna Grudzien against Stanislaw Ziolkowski to establish a lien against life insurance policies and for other relief.. Cross bill by defendant against plaintiff to obtain reconveyance of certain property. From decree rendered, plaintiff appeals. Affirmed.

*Casper C. Cutler,* for plaintiff.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant.

Butzel, J. Plaintiff filed a bill in equity to establish a lien on certain life insurance policies in her possession to secure an indebtedness owing by defendant, her father. Defendant denied the indebtedness and by cross bill sought reconveyance of certain properties deeded to plaintiff. From directly conflicting testimony, repetition of which would be of no benefit, the trial court concluded that any indebtedness had been repaid by the father and that, therefore, he was entitled to possession of the policies, and that defendant failed to make out a case for relief on the cross bill. Plaintiff appeals from the part of the decree denying the lien for indebtedness, claiming that it was proved conclusively that defendant and his witnesses were untruthful and that the lower court "absolutely misjudged the facts" by refusing to find the "true facts as given by plaintiff."

While in equity appeals we are not precluded from making a fresh inquiry into the facts, for the scope of review is broad (*Goldberg* v. *Cities Service Oil*

*Co.*, 275 Mich. 199), in the instant case the testimony upon the material facts was in direct conflict, and the trial judge was called upon to adopt one view or the other. Improbability does not so inhere in his resolution of the conflicting stories, nor does the scale so clearly preponderate in the opposite direction as to warrant a substitution of our judgment to determine who spoke the facts correctly. As trier of the facts, he had the advantage of observing the witnesses, and, therefore, we are ever reluctant to disturb a finding based on credibility. *Metropolitan Life Ins. Co.* v. *Stewart,* 280 Mich. 24; *Rubsam Corp.* v. *General Motors Corp.,* 281 Mich. 691; *Filter* v. *Mohr,* 275 Mich. 230.

The decree is affirmed. Costs to defendant.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, McALLISTER, and WIEST, JJ., concurred. The late Justice POTTER took no part in this decision.