### WERNER *v.* JARUGA.

1. APPEAL AND ERROR—EQUITY—SCOPE OF REVIEW.

   In equity appeals the scope of review by the Supreme Court is broad but it is slow to substitute its judgment on the question of credibility for that of the trial court who had the case before him.

2. SAME—SPECIFIC PERFORMANCE—CREDIBILITY OF WITNESSES—IDENTITY OF VIOLIN.

   In suit for specific performance of an alleged pledge agreement whereby plaintiff who purchased a violin case and bow left with defendant dealer an allegedly valuable violin

as security for the balance, where testimony was conflicting as to whether violin was transferred as pledge or as part payment and there was testimony that violin before court claimed by plaintiff was not the one plaintiff had owned, trial court's finding in favor of defendant is not disturbed.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 24, 1940. (Docket No. 57; Calendar No. 41,209.) Decided December 10, 1940.

Bill by Andrew Werner against Marion Jaruga for specific performance of a pledge agreement. Decree for defendant. Plaintiff appeals. Affirmed.

*Michael A. Goscicki,* for plaintiff.

*Herman H. Greenberg (Hollis Harshman,* of counsel), for defendant.

Butzel, J. Plaintiff styles this suit a bill for specific performance of a pledge agreement. Defendant is a music dealer in metropolitan Detroit. Plaintiff claims that about June 1, 1937, he purchased from defendant a violin case and bow for $62.29; that he paid down $15 on the purchase and left as security for the balance a three-quarter size violin which he alleges to be a genuine Guarnerius of great value; he further claims that his subsequent payments on account have reduced the balance to $18; plaintiff's tender of this balance to redeem the alleged pledge was declined.

Plaintiff testified that the violin left with defendant and still in his possession had been purchased on July 17, 1922, from J. Adolph Krug, for many years a maker of and dealer in violins. It was a three-quarter size, the type used largely by younger students and not preferred by older musicians. Mr. Arthur K. Krug, who was employed by his father at the time plaintiff purchased the instrument in 1922, testified that he has been engaged in the violin

business for many years, that he had sold a violin to plaintiff for $50, and that he made out in his own handwriting the receipt which was produced in evidence. He stated that the label "Guiseppe Guarnerius 1720" was not in the violin he sold plaintiff, and that the varnish was not the same as that on the instrument produced in court. In contradiction to plaintiff's testimony, defendant claimed that he acquired the violin in question in 1930 by allowing credit for it on a trade, and that at the time he sold plaintiff the case and bow, plaintiff traded in a cheap violin for credit on the purchase rather than as security. This instrument, he says, was disposed of in the course of trade.

Plaintiff sought to identify the instrument he claims he pledged by distinguishing marks made by a tuning fork; defendant claims that the marks were made by the scraping of the bow against the violin when carried in the case rather than by a tuning fork. Mr. Arthur K. Krug testified that the mark on the violin appeared to have come from the bow when placed in the violin case and not from the sharp point of a tuning fork.

Defendant does have in his possession an instrument bearing the famous Guarnerius label, and if it be authentic, its value is said to be almost inestimable. Plaintiff claimed the right to redeem the pledge shortly after Detroit newspapers featured defendant and his instrument, which is believed to be genuine.

The sole issue is one of fact. We are much impressed by the proofs offered on behalf of plaintiff; we must also be mindful of the testimony of defendant's witnesses which flatly opposed plaintiff's version. While it is true that in equity appeals our scope of review of the facts is broad (*Sun Life Assurance Co. of Canada* v. *Allen*, 270 Mich. 272), we are slow to substitute our judgment on the question

of credibility for that of the trier who had the witnesses before him. *Grudzien* v. *Ziolkowski*, 294 Mich. 451. The trial judge found that the mark on the side of the violin was made by the scraping of the frog of the bow against the violin while contained in the case; he also believed the testimony of Mr. Krug that the varnish on the violin and the label on the inside were different from those features on the instrument sold to plaintiff. Under the circumstances, the conclusion of the trial court must be affirmed.

The decree is affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, NORTH, MCALLISTER, and WIEST, JJ., concurred.