Von KOZLOW *v.* CHARLES NOBLE & CO., INC.

1. APPEAL AND ERROR—DE NOVO HEARING OF CHANCERY CASES.
   The Supreme Court hears chancery cases *de novo* and should weigh all the evidence and reach an independent conclusion.

2. SAME—FINDINGS OF FACT—OBSERVATION OF WITNESSES.
   In chancery cases the trial court's finding on disputed questions of fact is not controlling although it is recognized that the trial court has an advantage in making personal observation of the conduct of the witnesses.

3. SAME—CHANCERY CASES—REVERSAL OF DECREES.
   The Supreme Court does not reverse decrees in chancery cases unless persuaded they are not in accordance with the just rights of the parties.

4. ACCOUNTING—ARCHITECTURAL SERVICES—BURDEN OF PROOF—EVIDENCE.
   In suit for accounting under contract for architectural services claimed to have been rendered by an individual defendant on behalf of corporate defendant in which such individual defendant and plaintiff owned stock, wherein plaintiff had burden of proving that a branch hospital job was initiated by him, trial court's finding that plaintiff had failed to sustain burden of proof is not disturbed where there was competent testimony to support such finding.

5. SAME—CONTRACTS—PROFITS—BURDEN OF PROOF—EVIDENCE.
   In suit for accounting under contract for architectural services claimed to have been rendered by an individual defendant on behalf of corporate defendant in which such individual defendant and plaintiff owned stock, finding of trial court that plaintiff had failed to sustain burden of proof of profit on a hospital addition job, notwithstanding plaintiff had access to books and records therefor, is affirmed where record fails to disclose a lack of competent information as to profits and losses on such job.

6. APPEAL AND ERROR—QUESTIONS OF FACT—EVIDENCE.
   Supreme Court does not substitute its judgment on questions of fact for that of the trier of the facts unless facts clearly preponderate in the opposite direction.

Appeal from Wayne; Nicol (Henry G.), J. Submitted June 4, 1942. (Docket No. 22, Calendar No. 41,894.) Decided September 8, 1942.

Bill by Edward Koslowski von Kozlow against Charles Noble & Company, Inc., a Michigan corporation, Charles Noble and wife and Grace Hospital, a Michigan corporation, for an accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Davidow & Davidow* (*Merlin Wiley*, of counsel), for plaintiff.

*Sempliner, Dewey, Stanton & Honigman*, for defendants Charles Noble & Company and Nobles.

SHARPE, J. This is an appeal from an order dismissing plaintiff's bill of complaint. Plaintiff and defendant Charles Noble, an architect, organized a corporation known as Charles Noble & Company. Each incorporator owned 50 per cent. of the capital stock. On August 11, 1938, plaintiff, Von Kozlow, Charles Noble and the corporation entered into and executed a written agreement whereby the corporation for a period of five years employed plaintiff as its business manager and defendant Noble as architectural manager and supervisor. The agreement provided that all contracts initiated or obtained by plaintiff either with or without the help of Noble should be taken in the name of the corporation and that contracts obtained by Noble without any aid or without having been initiated by plaintiff should be taken by Noble in his individual capacity with no right of plaintiff or the corporation to share in such business.

In 1939, the officials of Grace hospital contracted with Noble in his individual capacity to act as architect in connection with the construction of a branch

hospital. In June, 1940, plaintiff filed a bill of complaint alleging that Noble, by taking the Grace hospital job in his own name, had violated the contract. Plaintiff prayed for an accounting, a temporary injunction restraining the defendant hospital from paying Noble any sums owing on the contract, and the appointment of a receiver.

It also appears that during the period the contract was in effect certain additions were made to the Newberry hospital for which Noble acted as architect. It is conceded that this job was within the terms of the contract. The principal issue in this case is whether plaintiff is entitled to share in the architect's fees of the Grace hospital job. Of secondary importance is the issue of whether a proper accounting has been made of fees earned on the so-called Newberry job.

It is the claim of plaintiff that in February, 1938, he and Noble entered into an oral agreement whereby they would share equally in the net profits of any architectural jobs that plaintiff should initiate and that in August, 1938, the oral agreement between the parties was converted into a written contract; that in the spring of 1938, either in February or March, plaintiff received a tip from one of the nurses of Grace hospital that the hospital had acquired or was to acquire land for the purpose of building a branch hospital; that he immediately communicated this information to Noble and the latter told plaintiff that he, Noble, wanted to handle the matter because he personally knew Dr. Babcock, the superintendent of the hospital; that after Noble contacted Dr. Babcock he informed plaintiff that they were certain of obtaining the job; and that after the corporation was formed and in an effort to borrow money for the corporation, both plaintiff and Noble represented to various parties that the corporation either had or was going to obtain the Grace hospital job.

It is the claim of Noble that he learned of the job and was being considered as its architect long before he and plaintiff had any agreement; that he met Dr. Babcock in the fall of 1937 when the doctor acted as a consultant on another hospital job with which Noble was connected; that about this time he learned that Grace hospital was contemplating the building of a branch hospital; that on June 9, 1938, he wrote Dr. Babcock a letter setting forth his qualifications as an architect; that on July 6, 1938, he again wrote Dr. Babcock applying for the architectural work on the proposed branch hospital; and that plaintiff did not mention the Grace hospital job until after August 11, 1938.

In his opinion, the trial court stated:

"From the testimony produced the question here presented is, does plaintiff sustain the burden of proof? Besides his testimony there is that of the witness Anuszkiewicz, one Shanley, and the nurse. On the other hand, we have that of the defendant Noble, that of Caughey and Covey, and that of Doctors Babcock, Senior and Junior. It appears from the testimony that Dr. Babcock had a talk with Noble in October, 1937, about the Grace hospital job, while he was engaged in the examination of plans for the Michigan Mutual Liability Insurance Company's addition to its hospital, suggesting to him the contemplated erection of a branch hospital at that time, the architectural work of which was later awarded to Noble.   *   *   *

"It appears to the court that plaintiff's right to maintain the action arises out of the contract which, however, plaintiff claims was agreed upon several months before it was executed on August 11, 1938. The plaintiff went to work to secure jobs for the corporation under the contract. That during his efforts he heard of the Grace hospital job and brought it to Noble's attention. However, both Dr.

Babcock and defendant Noble testified that Dr. Babcock had talked to Noble about this job several months prior thereto."

In support of his position, plaintiff introduced the testimony of M. C. Anuszkiewicz who testified that in the fall of 1938 plaintiff and Noble sought to borrow money from him and informed him they had good prospects of obtaining the Grace hospital job. The nurse testified that in June, 1938, she informed plaintiff that the hospital contemplated a new building. George Shanley testified that in the spring of 1938 he met plaintiff and Noble, and during the meeting some mention of Grace hospital was made by plaintiff.

As opposed to this testimony defendant Noble introduced the testimony of Dr. Babcock who testified that he talked with Noble about the job in October, 1937; that in June, 1938, he discussed with Noble the matter of acquiring his services as an architect; and that on July 6, 1938, he obtained from Noble a letter of application. Andrew Caughey, a director of the Noble construction company, testified that he knew about the Grace hospital job in April or May, 1938; and that in September, 1938, plaintiff mentioned the job to him for the first time. Mr. Covey, also a director of Charles Noble & Company, testified that plaintiff did not mention the job until after the corporation was formed.

The contract upon which plaintiff relies provides that such contracts as were "initiated or obtained" by plaintiff should belong to the corporation. There can be no question about the fact that plaintiff did not "obtain" the contract. Relief for plaintiff depends entirely on proof that he "initiated" the contract. This involves a question of fact upon which there is a sharp dispute.

In *Re George L. Nadell & Co., Inc.*, 294 Mich. 150, we said:

"We hear chancery cases *de novo. Petz* v. *Gaines,* 286 Mich. 450. It is our duty to weigh all the evidence and to reach an independent conclusion. *Hawthorne* v. *Dunn,* 210 Mich. 176. We recognize that in disputed questions of fact, the trial court has an advantage in being able to observe personally the conduct of the witnesses. Such observations are oftentimes of value in giving some weight to the findings of the trial court, *Metropolitan Life Ins. Co.* v. *Stewart,* 280 Mich. 24, but in such cases the finding of facts by the lower court is not controlling. *Snider* v. *Schaffer,* 276 Mich. 92.

"In *Langdell* v. *Langdell,* 285 Mich. 268, we said: " 'We hear chancery cases *de novo;* but we do not, and should not, reverse decrees unless we are persuaded they are not in accordance with the just rights of the parties.' "

In the case at bar, there was competent testimony to support the finding of the trial judge and we cannot upon this question of fact hold that the weight of evidence is contrary to the court's finding that plaintiff has not sustained the burden of proof.

It is admitted that the Newberry hospital job belonged to the corporation. Claude Le Clerc, an employee of Charles Noble & Company who did accounting work, testified in behalf of Noble and stated that the corporation lost $115.92 on the Newberry job. But this statement should be qualified by the fact that the witness did not make any records for the corporation in 1939. The result testified to was taken from records kept by Noble and by other information received from Noble. This witness also testified that eliminating overhead expenses there would be a profit of around $2,000 on the job.

The trial court found as a fact:

"I find that defendants caused the accounts of Charles Noble & Company to be audited and furnished plaintiff with an accounting on the Newberry job several months before the case was tried. This accounting does not show any profits above the sum of $260 heretofore mentioned. There has been no proof offered to show the incorrectness of this accounting. Plaintiff is, therefore, not entitled to the relief asked for relative to the Newberry job, as the evidence in relation thereto does not preponderate in his favor."

In our examination of the record we find a lack of competent information as to the profits or losses on the so-called Newberry job. Plaintiff had an opportunity to inspect such books and records as Noble kept. The burden of proving that there was a profit on this job rests upon plaintiff. We are unable to say that the trial court came to the wrong conclusion. In *Leonard* v. *Hey,* 269 Mich. 491 (37 N. C. C. A. 111), we said: "We do not substitute our judgment on questions of fact unless they clearly preponderate in the opposite direction." The record sustains the finding of the trial court.

The decree is affirmed, with costs to defendants.

Chandler, C. J., and Boyles, North, Starr, Butzel, and Bushnell, JJ., concurred. Wiest, J., did not sit.